Gregory Paul MASON,
Plaintiff–Appellant,

v.

Ronald A. BROOKS; Edwin Meese,
Defendants–Appellees.

No. 87–3991.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 5, 1988.

Decided Nov. 29, 1988.

Edwards E. Merges, Merges, Youngsberg & Larsen, Seattle, Wash., for plaintiff-appellant.

Robert M. Taylor, Asst. U.S. Atty., Seattle, Wash., for defendants-appellees.

Before SCHROEDER, ALARCON and NORRIS, Circuit Judges.

ALARCON, Circuit Judge:

Appellant Gregory Mason (Mason) appeals the district court's grant of summary judgment in favor of Ronald A. Brooks ("Brooks"), District Director of the Seattle District of the Immigration and Naturalization Service ("INS") and Edwin Meese III, Attorney General of the United States ("Attorney General"). We affirm.

## BACKGROUND

Mason, a Canadian citizen and resident, brought this action to compel the Attorney General to allow him to enter the United States and file his application for naturalization under 8 U.S.C. § 1440 (1982).

Mason served in the United States Marine Corps from April 9, 1969 to October 8, 1970, including a ten-month tour of duty in Vietnam. On November 22, 1971, he was convicted of possession with intent to distribute marijuana. The conviction followed his arrest for possession of 74 pounds of marijuana. His conviction was expunged pursuant to the Federal Youth Corrections Act. 18 U.S.C. § 5021 (repealed 1984). Additionally, Mason was later convicted of a misdemeanor count of possession of a controlled substance stemming from a November 10, 1973 arrest for possession of marijuana. Following the second conviction, the INS commenced deportation proceedings against Mason.

On October 7, 1974, a deportation hearing was held before a United States Immigration Judge. Mason admitted his drug-related convictions, conceded deportability, and requested Canada as the country for his deportation. Mason waived his right to appeal the deportation decision. On February 15, 1975, Mason voluntarily departed to Canada.

On February 17, 1983, Mason attempted to file an "Application to file Petition for Naturalization" (Form N–400), with the INS by mail. Along with this petition, he requested temporary admission into the United States so that he could participate in a hearing on his petition. To receive a naturalization hearing, Mason must file his petition for naturalization in person. 8 U.S.C. § 1445(a) (1982); 8 C.F.R. §§ 334.11, 334.13 (1988). The Attorney General has the discretion to grant temporary admission to an alien applying to enter the United States. Permission to enter temporarily is referred to as "parole" by Congress. 8 U.S.C. § 1182(d)(5) (1982).[1]

On June 9, 1983, the INS rejected Mason's Form N–400 application because he was not physically present in the United States. On March 15, 1984, Mason wrote William Beeks, Naturalization Officer for the INS, and again requested permission to enter the United States to participate in a hearing on his petition. On November 26, 1984, Mason contacted Brooks and again requested parole. Thereafter, the Attorney General reviewed Mason's file and determined that he was ineligible for temporary admission because of his November

---

1. "The Attorney General may ... in his discretion parole into the United States temporarily ... for emergent reasons or for reasons deemed strictly in the public interest any alien applying for admission to the United States." 8 U.S.C. § 1182(d)(5).

10, 1973 conviction for possession of a controlled substance. Aliens convicted of violating any law relating to a controlled substance are statutorily excludable from entry into the United States. 8 U.S.C. § 1182(a)(23) (1982 & Supp. IV 1986). Additionally, the Attorney General determined that no facts had been presented to justify granting temporary admission to Mason.

On December 19, 1984, Brooks wrote Mason advising him that his request for temporary admission had been denied. Brooks stated that the decision to deny temporary admission was based on several factors, including Mason's deportation and present excludability because of his drug conviction.[2] At Mason's attorney's request, Brooks's decision was subsequently reviewed by the Regional Commissioner for the INS. The Regional Commissioner reviewed the decision to deny parole. On August 29, 1985, the Regional Commissioner advised Mason that he agreed with Brooks that the request for parole should be denied.

On August 22, 1986, Mason filed a complaint for declaratory judgment in the United States District Court for the Western District of Washington. Mason sought a declaration that he was entitled to enter the United States and apply for naturalization because of his status as a Vietnam veteran, pursuant to 8 U.S.C. § 1440. The district court ruled that the Attorney General did not abuse his discretion in denying Mason's request for parole because he was an excludable alien, under 8 U.S.C. § 1182(a)(23), due to his conviction for possession of a controlled substance.[3] The district court granted summary judgment in favor of Brooks and the Attorney General. The complaint for declaratory relief was dismissed.

## DISCUSSION

Mason contends that: (1) as a Vietnam veteran, he has a right to enter the United States and to apply for citizenship under 8 U.S.C. § 1440; and (2) the Attorney General abused his discretion in denying him temporary admission for the purpose of applying for citizenship.

We review an order granting summary judgment independently, without deference to the district court's determination. *Turner v. McMahon*, 830 F.2d 1003, 1007 (9th Cir.1987), *cert. denied*, —— U.S. ——, 109 S.Ct. 59, 102 L.Ed.2d 37 (1988). We also review independently an agency's construction of statutes it must enforce. However, we give deference to its interpretation thereof. *Ramirez–Ramos v. Immigration & Naturalization Service*, 814 F.2d 1394, 1396 (9th Cir.1987).

Mason contends that the exclusion provisions of 8 U.S.C. § 1182 are inapplicable to an alien veteran wishing to apply for naturalization under 8 U.S.C. § 1440. Alternatively, he contends that section 1440 entitles him to enter the United States to apply for citizenship irrespective of his exclusion under section 1182(a)(23).

As noted above, to apply for citizenship, Mason must file his petition for naturalization in person, with the clerk of a naturalization court. 8 U.S.C. § 1445(a); 8 C.F.R. §§ 334.11, 334.13. Because Mason is a statutorily excludable alien, he may only enter the United States temporarily at the discretion of the Attorney General, unless he can establish independent statutory grounds authorizing his admission.

■ The district court did not address Mason's contention that as a Vietnam veteran, under section 1440, he is entitled to enter the country and to apply for citizenship, notwithstanding the fact that he is an excludable alien. However, a plain reading of the statute shows that section 1440(b) does not expressly authorize an alien, who served honorably in the military, the unrestricted right to enter the United States, notwithstanding the fact that he is excluda-

---

**2.** Brooks wrote, "[Mason] may not immigrate to this country, because he is excludable under section [1182(a)(23)] of the Immigration and Nationality Act, and there are no waivers available to narcotics traffickers."

**3.** An alien who has been convicted of a violation of a law relating to a controlled substance is an excludable alien and shall not be admitted into the United States. 8 U.S.C. § 1182(a)(23).

ble under section 1182. We can affirm the district court's decision on any ground supported by the record. *United States v. Humboldt*, 628 F.2d 549, 551 (9th Cir.1980).

Section 1440(b) provides that an alien who has served honorably in active-duty status, during the Vietnam hostilities, on behalf of the United States, may be naturalized, without complying with all the requirements of the United States naturalization laws. The effect of the statute is to eliminate certain of the requirements for naturalization which must ordinarily be met. *Petition for Naturalization of Convento*, 210 F.Supp. 265, 266 (D.C.1962), *aff'd, United States v. Convento*, 336 F.2d 954 (D.C.Cir.1964).

█ Section 1440(b) does not dispense with the requirement that the applicant shall present himself in the office of the clerk to file his petition, unless excused by illness or disability. 8 U.S.C. § 1445(d) (1982). Nor does it dispense with the requirement that the applicant be lawfully admitted into the United States for permanent residence. 8 U.S.C. § 1445(b) (1982). Specifically, section 1440(b) permits an alien who served the United States to file a petition for citizenship regardless of his age, and no period of residency or physical presence in the United States is required. Additionally, the petition may be filed in any court having naturalization jurisdiction, regardless of the alien's place of permanent residence in the United States. 8 U.S.C. § 1440(b); 8 U.S.C. § 1445(b), (f) (1982).

Section 1440(b) does not purport to override the exclusionary provisions of section 1182. Section 1440(b) makes it clear that aliens who qualify because of their military service in Vietnam or other hostilities must show that they are eligible for naturalization in all other respects. The statute provides in pertinent part: "A person filing a petition under subsection (a) of this section *shall comply in all other respects* with the requirements of" the naturalization laws (emphasis added). 8 U.S.C. § 1440(b); *Millan–Garcia v. Immigration and Naturalization Service*, 343 F.2d 825, 829 (9th Cir. 1965), *vacated on other grounds*, 382 U.S.

69, 86 S.Ct. 247, 15 L.Ed.2d 144 (1965); *See Knauff v. Shaughnessy*, 338 U.S. 537, 546, 70 S.Ct. 309, 94 L.Ed. 317 (1950) (The War Brides Act did not relieve the nonresident alien of her alien status. Accordingly, as the Immigration Act required, she still had to be "otherwise admissible under the immigration laws.").

An examination of the legislative history of the statute indicates that Congressional intent was to expedite the naturalization of members of the military who had served honorably during periods of military hostilities. Congress enacted section 1440 to encourage aliens to engage in the defense of this country by relieving them of "*some* of the burdensome requirements of the general naturalization laws" (emphasis added). H.Rep. No. 1710, 77th Cong., 2d Sess., 2 (1942); cited in *Petition of Delgado*, 57 F.Supp. 460, 462 (N.D.Cal.1944) and *Petition of You Lo Chen*, 74 F.Supp. 619, 621 (Mass.1947), *rev'd on other grounds, United States v. Peter You Lo Chen*, 170 F.2d 307 (1948). Section 1440(b) does not on its face entitle Mason to enter the United States, notwithstanding the fact that he is excludable under section 1182(a)(23).

Mason voluntarily departed the United States, after admitting that he was excludable because he was convicted of possession of a controlled substance. Mason does not claim that he is entitled to enter the United States notwithstanding the fact the he was convicted for possession of a controlled substance. 8 U.S.C. § 1182(a)(23). Mason also does not argue that he need not be physically present in the United States to participate in naturalization proceedings. Instead, he asserts that the Attorney General abused his discretion by denying him parole so that he can comply with the physical presence requirements of section 1445(a) and (d). *See* 8 C.F.R. §§ 334.11, 334.13 (applicant must appear in person).

█ The Attorney General's decision to deny parole is not reviewed under the "traditional abuse of discretion standard." *Garcia–Mir v. Smith*, 766 F.2d 1478, 1485 (11th Cir.1985), *cert. denied, Marquez–Medina v. Smith*, 475 U.S. 1022, 106 S.Ct. 1213, 89 L.Ed.2d 325 (1986). Instead, a

rejection of parole will be upheld if the agency advanced a facially legitimate and bona fide reason for the denial. In *Kleindienst v. Mandel*, 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972), the Supreme Court instructed on our scope of review as follows:

> "[W]hen the Executive exercises this power negatively on the basis of a facially legitimate and bona fide reason, the courts will neither look behind the exercise of the discretion ..."

*Id.* at 770, 92 S.Ct. at 2585.

Congress has provided that:

> [t]he Attorney General may ... in his discretion parole into the United States temporarily, under such conditions as he may prescribe for emergent reasons or for reasons deemed strictly in the public interest any alien applying for admission to the United States.

8 U.S.C. § 1182(d)(5).

■ The legislative history of the parole provision indicates that Congress intended that temporary admission be granted infrequently. The Senate Report discussing the 1965 amendments to the 1952 Immigration and Nationality Act stated:

> The parole provisions were designed to authorize the Attorney General to act only in emergent, individual, and isolated situations, such as the case of an alien who requires immediate medical attention, and not for the immigration of classes or groups outside of the limit of the law.

S.Rep. No. 748, 89th Cong., 1st Sess., *reprinted in* 1965 U.S.Code Cong. & Admin. News 3328, 3335.

■ Mason's request for temporary admission is based solely on his desire to file his application for citizenship. Mason has not shown that temporary admission is compelled by any emergency. Nor has he demonstrated that temporary admission of a person who has admitted his past convictions of the laws of the United States would be in the public interest. As an excludable alien, he is a member of a class or group "outside of the limit of the law," and unsuitable for discretionary relief under section 1182(d)(5).

■ Nevertheless, Mason argues that the Attorney General's denial of parole was an abuse of discretion because it was based on erroneous assumptions about Mason's background. Brooks' letter to Mason denying his parole contained erroneous statements. First, the letter stated that Mason was convicted of narcotics trafficking rather than possession of marijuana with intent to distribute. Also, the letter stated that Mason had served only ten months in the service. In fact, Mason was on active duty for 18 months. The appellees do not dispute the factual errors.

Mason has not demonstrated that the error concerning his length of service was a factor in the denial of parole. Moreover, the fact that Brooks mislabeled the offense in his letter does not alter the fact that Mason is excludable because he was found guilty of possession of a controlled substance. We are satisfied that the decision to deny parole was based on the fact that Mason is an excludable alien because of his conviction.

■ Mason also asserts that the denial of temporary admission was based on Brooks' bias against drug law offenders. This contention stems from an editorial in the *Seattle Post–Intelligencer* in which Brooks is quoted as saying:

> I happen to have had the misfortune of having a teenager daughter involved in this kind of thing. So, quite frankly, I take a very dim view of anything that has to do with drugs or narcotics of any kind.

Assuming that the newspaper accurately quoted Brooks, the fact that he may take a "dim view" of persons who are involved with controlled substances does not demonstrate an abuse of discretion in denying parole to Mason. Congress has forcefully expressed our national policy against persons who possess controlled substances by enacting laws to imprison them and to exclude them from the United States if they are aliens. The language attributed to Brooks by the editorial merely reflects that he agrees with the Congressional purpose to deal harshly with narcotics law violators.

Alternatively, Mason relies upon the Supreme Court decision in *United States v. Schwimmer* for the proposition that every alien may submit a petition for naturalization. 279 U.S. 644, 49 S.Ct. 448, L.Ed. 889 (1929). In *Schwimmer*, the district court refused to grant a resident alien's petition for naturalization because she was unable, without mental reservation, to take the prescribed oath of allegiance. In upholding the district court's ruling, the Supreme Court stated: "Every alien claiming citizenship is given the right to submit his petition and evidence in support of it." *Id.* at 649, 49 S.Ct. at 449. However, the alien in *Schwimmer* had been a resident of the United States for a period of five years prior to her attempted naturalization. Furthermore, unlike Mason, she was not statutorily excludable. Additionally, in *Schwimmer* the Supreme Court did not address the question before us in this case, i.e., whether a statutorily excludable alien must be granted temporary admission in order to apply for citizenship.

The fact that Mason was excludable under section 1182(a)(23) because he was convicted of possession of a controlled substance is a facially legitimate and bona fide reason to deny him temporary admission into this country. *See Kleindienst v. Mandel,* 408 U.S. at 770, 92 S.Ct. at 2585–86 (denial of temporary admission to an alien excludable under section 1182(a)(28) because he advocates world communism or the establishment in the United States of a totalitarian dictatorship was a facially legitimate and bona fide reason). Accordingly, under the broad discretionary power accorded to the Attorney General in determining whether to grant temporary admission to an excludable alien, the district court did not err in granting summary judgment.

AFFIRMED.