**Deepak KUMAR and Lakhbir Singh, Petitioners,**

**v.**

**David N. ILCHERT, District Director, Immigration and Naturalization Service, Respondent.**

**No. C–91–4032–DLJ.**

United States District Court, N.D. California.

Jan. 2, 1992.

Jonathan M. Kaufman of Alan Kaufman, San Francisco, Cal., for petitioners.

Alberto E. Gonzalez, Sp. Asst. U.S. Atty., San Francisco, Cal., for respondent.

## ORDER

JENSEN, District Judge.

On December 11, 1991, this Court heard petitioner Deepak Kumar's petition for a writ of habeas corpus.[1] Jonathan M. Kaufman appeared for petitioner. Assistant United States Attorney Alberto E. Gonzalez appeared for respondent. Having considered the papers submitted, the arguments of counsel, the applicable law, and the entire record herein, the Court DENIES the petition.

## I. BACKGROUND

Petitioner Kumar is an alien applicant for admission to the United States who is presently in the custody of the United States Immigration and Naturalization Service ("INS"). Respondent is the District Director of the INS. Petitioner seeks review of respondent's denial of parole to petitioner, pursuant to an application for a writ of habeas corpus (28 U.S.C. § 2241).

Petitioner arrived in the United States at Los Angeles airport on September 24, 1991. Petitioner arrived without travel documents and was detained by the INS pur-

---

**1.** At the hearing, both parties represented to the Court that petitioner Lakhbir Singh has been paroled from INS custody. Petitioner Singh's petition will be dismissed as moot.

suant to 8 U.S.C. § 1225(b) (detention of alien pending review of immigration judge where it does not appear that alien clearly is entitled to land in U.S.). Petitioner was later transported to an INS detention facility in Arizona. The Arizona Immigration Court did not schedule a hearing for petitioner. On October 25, 1991 petitioner retained counsel and filed a motion for change of venue to Immigration Court in San Francisco. The motion was unopposed and was granted on October 29, 1991.

On October 29, 1991 petitioner made a written request for parole. The INS denied the request on November 18, 1991. The INS failed to produce petitioner for a master calendar hearing in San Francisco on November 14, 1991. Petitioner eventually appeared before the San Francisco Immigration Court for a master calendar hearing on November 21, 1991. At that hearing, petitioner moved to terminate exclusion proceedings on the contention that respondent failed to act with reasonable dispatch to determine petitioner's admissibility to the United States. The motion was denied by order of the Immigration Court on December 20, 1991.

Petitioner claims that the INS has caused numerous delays, preventing prompt review of his case by an immigration judge. Because of the alleged delays, petitioner claims that his detention has been unnecessarily and unlawfully prolonged. He alleges that respondent, with knowledge that petitioner is not being afforded prompt hearings, has failed to exercise his parole authority in a reasonable manner as required by regulation.

## II. DISCUSSION

### A. Standard for parole decision.

An alien who may not appear to the INS officer at the place of arrival to be clearly and beyond a doubt entitled to land shall be detained for further inquiry. 8 U.S.C. § 1225(b). An alien who arrives without documents shall also be detained. 8 C.F.R. § 235.3(b). An alien detained under these provisions may request parole. In the face of such a request:

The Attorney General may ... in his discretion parole into the United States temporarily under such conditions as he may prescribe for *emergent reasons* or for reasons deemed *strictly in the public interest* any alien applying for admission to the United States.

8 U.S.C. § 1182(d)(5)(A) (emphasis added). The Attorney General has delegated his parole authority to INS district directors with the following guidelines:

(a) In determining whether or not aliens ... will be paroled out of detention, the district director should consider the following:

\* \* \* \* \* \*

(2) The parole of aliens within the following groups would generally come within the category of aliens for whom the granting of the parole exception would be "strictly in the public interest," provided that the aliens present neither a security risk nor a risk of absconding ... (v) Aliens whose continued detention is not in the public interest as determined by the district director.

8 C.F.R. § 212.5(a). An alien detained because he arrived without travel documents shall *only* be paroled in accordance with the above provisions. 8 C.F.R. § 235.3(b).

### B. Standard of review for writ of habeas corpus.

The parties dispute the standard of review to be applied by the Court in reviewing the parole decision by respondent. One Ninth Circuit decision has held that "The Attorney General's decision to deny parole is not reviewed under the 'traditional abuse of discretion standard.' [citations] Instead, a rejection of parole will be upheld if the agency advanced a facially legitimate and bona fide reason for the denial." *Mason v. Brooks*, 862 F.2d 190, 193–94 (9th Cir.1988). Petitioner acknowledges that *Mason* so holds, but cites a more recent Ninth Circuit decision applying an abuse of discretion standard. *Alvarez–Mendez v. Stock*, 941 F.2d 956, 963 (9th Cir.1991). There is little to distinguish the two cases, except perhaps, that *Alvarez–Mendez* considered a denial of reparole where the alien

had previously been paroled. 941 F.2d at 963. In addition, *Mason* adopted the "facially legitimate" standard after discussing the reasoning for application of such a standard. 862 F.2d at 193–194. *Alvarez–Mendez* merely assumed application of the "abuse of discretion" standard without discussion. 941 F.2d at 963.

The above considerations suggest that the "facially legitimate" standard is the more appropriate standard of review. Nevertheless, in this case, each party claims that he should prevail under the standard least favorable to his position. The Court will assume arguendo that the higher "abuse of discretion" standard applies.

#### C. *Application.*

■ Petitioner argues that respondent abused his discretion in denying petitioner's request for parole. Petitioner's written request for parole asserted that it is not in the public interest to continue to detain petitioner at public expense. In denying parole, respondent stated: "I have found no facts demonstrating any emergent cause or circumstance to qualify [petitioner] for parole under 8 CFR 212.5(a)." *See* Administrative Record at 23.[2] Petitioner argues that respondent's decision lacks legitimacy because is fails to address the delay in bringing petitioner before an immigration judge. Petitioner argues that the failure to provide a hearing with reasonable dispatch constitutes an "emergent cause or circumstance" qualifying him for parole.

Respondent argues that he properly denied the parole requests because petitioner arrived without documents (8 C.F.R. § 235.-3(b)) and petitioner did not state any facts which would justify paroling petitioner for emergent or humanitarian reasons strictly in the public interest.

Petitioner may have legitimate complaints about the delay in bringing him before the Immigration Court for a determination of his exclusion status in the United States. Nevertheless, the administrative record shows that subsequent to the filing of this petition, exclusion proceedings against petitioner have commenced and petitioner has appeared before the Immigration Court. Furthermore, the delay in this case was not so great as to rise to the level of an emergent reason strictly in the public interest requiring parole. Petitioner appeared before the Immigration Court within two months of his arrival in the United States. Within that two month period, petitioner requested a change of venue to San Francisco, which undoubtedly contributed to the delay in scheduling a hearing.

Other than the delay discussed above, petitioner contends no other reasons why parole was erroneously denied. There are no emergent reasons or reasons strictly within the public interest which suggest that parole should be granted. Accordingly, respondent's decision not to parole petitioner does not constitute an abuse of discretion.

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Petitioner Lakhbir Singh's petition for writ of habeas corpus is DISMISSED as moot.

2. Petitioner Deepak Kumar's petition for writ of habeas corpus is DENIED.

IT IS SO ORDERED.

---

**2.** Respondent also denied parole on the basis that Kumar failed to cooperate in questioning, and failed to make a concession of inadmissibility. Petitioner argues that these allegations are not true. The Court need not reach a determination of these issues in light of the Court's finding below that, even without considering these alleged justifications for denial, respondent did not abuse his discretion in denying parole.