963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alberto SANTOS-JUAN, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 89-70085.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 20, 1990.
Withdrawn from Submission Aug. 13, 1990.
Resubmitted May 20, 1992.
Decided May 20, 1992.
 
 Before LIVELY,* FLETCHER and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alberto Santos-Juan, a legal permanent United States resident, petitions for review of the Board of Immigration Appeals' dismissal of his appeal from the Immigration Judge's (I.J.'s) order denying him a waiver of deportation under 8 U.S.C. § 1182(c). The IJ ordered Juan's deportation because he had committed two crimes of moral turpitude. Juan claims that the IJ and the Board of Immigration Appeals (BIA) failed to consider his eligibility for naturalization under 8 U.S.C. § 1440, which relieves U.S. armed services veterans who served during military hostilities from having to meet certain requirements for naturalization. We affirm.
 
 FACTS
 
 3
 Juan, a citizen of the Philippines, was admitted to the United States as a lawful permanent resident on February 10, 1977. Unable to speak English or find employment, Juan enlisted in the Army in March 1977. After serving in Germany for three years, he was honorably discharged in June 1980 with a good performance rating.
 
 
 4
 In January 1981, Juan was arrested for shoplifting. After he completed a diversion program, the charges were dismissed. In March 1982, Juan was charged with stealing a purse while displaying a knife. He plead guilty to robbery, with a deadly weapon allegation stricken, was sentenced in July 1983 to two years imprisonment, and served fourteen months. In February 1985, Juan was charged with assault with a deadly weapon for stabbing someone in a bar fight with a butcher knife. Juan received a 5-year sentence and serve thirty six months.
 
 
 5
 Immediately upon Juan's release in November 1987, the Immigration Service took him into custody and served him with an Order to Show Cause charging deportability under 8 U.S.C. § 1251(a)(4) conviction of two crimes of moral turpitude). Juan conceded deportability under section 1251(a)(4) but applied for a waiver of deportation under 8 U.S.C. § 1182(c), for which he was statutorily eligible. The IJ found that the factors did not favor exercising his discretion to grant relief from the deportation order. The BIA agreed.
 
 DISCUSSION
 
 6
 Juan appeals on a narrow ground: that he was eligible for naturalization under 8 U.S.C. § 1440 as a Vietnam-era serviceman and that the BIA failed to consider this in evaluating his waiver request. Section 1440 states that a person who served in the U.S. military between February 28, 1961 and the end of the Vietnam hostilities (later determined to be October 15, 1978[1]), received an honorable discharge, and enlisted while in the United States could be naturalized under the more lenient provisions of section 1440. Under section 1440(b), such a person must meet all of the other requirements of the naturalization subchapter except that (1) he can be naturalized despite pending deportation proceedings or a final deportation order,[2] (2) he can be naturalized regardless of age, (3) the usual residence and physical presence length requirements do not apply, and (4) he can file in any court with naturalization jurisdiction regardless of his residence.
 
 
 7
 Juan filed for naturalization after the BIA had issued its decision.[3] He raises the issue of failure to consider the section 1440 naturalization opportunity for the first time on appeal to this court. Our circuit considered section 1440 eligibility for the first time on appeal, saying that it could affirm on any basis supported by the record, in Mason v. Brooks, 862 F.2d 190, 193 (9th Cir.1988). We would be considering Juan's claim, however, in order to reverse or remand, not to affirm.
 
 
 8
 We need not be concerned with this distinction, for we affirm the BIA's decision on the merits. We cannot agree that section 1440 eligibility need be considered as a factor separate from honorable military service in favor of a waiver request. Military service is the basis of section 1440, and the BIA has already fully considered Juan's military service to be an outstanding equity in his favor.
 
 CONCLUSION
 
 9
 We resubmit the case for decision. We affirm the BIA's order denying a waiver of deportation.
 
 
 10
 The mandate shall be withheld for sixty (60) days following disposition of all proceedings in this court including disposition of any petition for rehearing or rehearing en banc to enable petitioner to seek such stays as may be available to him in connection with his naturalization proceeding.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Honorable Pierce Lively, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Exec.Order No. 12,091, 43 C.F.R. 42,237 (1978), reprinted in 8 U.S.C. § 1440 (Supp.1989)
 
 
 [2]
 Section 1440 says one can be naturalized "notwithstanding the provisions of section 1429 of this title as they relate to deportability." Section 1429 says one cannot be naturalized when there is a final finding of deportability or pending deportation proceeding "pursuant to a warrant of arrest." According to 8 C.F.R. § 318.1 (1989), for section 1429 purposes, an order to show cause issued under section 1252 is "regarded as a warrant of arrest." Thus, the section 1440 exception applies to Juan
 
 
 [3]
 We withdrew this case from submission and stayed proceedings pending decision on Juan's petition for naturalization. It was denied by the district court on November 27, 1991. An appeal is pending currently in our court