978 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Glenn Wesley KONTROL, aka Miklos Kontrol, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70459.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1992.
Decided Nov. 10, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Glenn Wesley Kontrol seeks relief from an order of deportation resulting from his conviction in 1982, while in the United States Army, of possession of LSD and heroin. At the same time he was convicted of escape from custody, wrongful appropriation, and possession of an unauthorized leave form with the intent to deceive, in violation of Articles 86, 92, 95, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892, 895, 921, and 934 (1982), respectively. In 1986, Kontrol was convicted in the Southern District of California of aiding and abetting the importation of merchandise, to wit, approximately 334 grams of white powder, in violation of 18 U.S.C. §§ 2 and 545 (1982). The powder was a large quantity of cocaine.
 
 
 3
 The Immigration and Naturalization Service directed an order to show cause why Kontrol should not be deported as an alien convicted of a crime relating to a controlled substance under Sec. 241(a)(11) of the Immigration and Naturalization Act, 8 U.S.C. § 1251(a)(11) (1988). The crime referred to was Kontrol's Army conviction.
 
 
 4
 The immigration judge denied Kontrol's application for section 212(c) relief and for asylum. Asylum was also denied under section 243(h) of the Immigration and Nationality Act because of Kontrol's particularly serious crime. The immigration judge also declined to find Kontrol eligible for relief under section 208 because of Kontrol's adverse record.
 
 
 5
 Kontrol appealed the decision to the Board of Immigration Appeals ("the Board"). The Board denied Kontrol section 212(c) relief and asylum and ordered him deported.
 
 
 6
 I. Whether the Deportation Hearing Was Conducted in Violation of Procedural Due Process of Law
 
 
 7
 Kontrol claims he was denied due process because no verbatim record was made of two hearings that preceded his deportation hearing. Kontrol received a full recorded deportation hearing on February 28, 1990. Although he was late, Kontrol testified at length and all of his claims for relief were presented. Therefore, he is not prejudiced by any lack of a record. See Vides-Vides v. INS, 783 F.2d 1463, 1469 (9th Cir.1986) (" 'The alien has been denied the full and fair hearing which due process provides only if the thing complained of causes the alien to suffer some prejudice.' ") (quoting Nicholas v. INS, 590 F.2d 802, 809 (9th Cir.1979)).
 
 
 8
 II. Whether the BIA Erred In Its Determination That Kontrol Is Deportable Because of His Particularly Serious Crime
 
 
 9
 Kontrol points to numerous instances of claimed error below, including the taking of administrative notice of changed conditions in Romania, the burden of proof, and the denial of a continuance regarding the contents of a Time magazine article. All go to the issue of whether Kontrol has a well-founded fear of persecution.
 
 
 10
 We need not consider these issues. First, the Board made clear that it viewed Kontrol's Army conviction as a particularly serious crime under section 243(h)(2)(B), 8 U.S.C. § 1253(h)(2)(B) (1988), amended by 8 U.S.C. § 1253(h)(2)(B) (Supp. II 1990), which precludes withholding of deportation relief for an alien who, "having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States." We find no error in this determination. See Mahini v. INS, 779 F.2d 1419, 1421 (9th Cir.1986) (observing that "the Board has continually found convictions for drug possession and trafficking to be particularly serious, and the offenders a danger to the community," and upholding the Board's conclusion that the possession of commercial amounts of heroin is particularly serious and a danger to the community). Second, we have held that an alien convicted of a particularly serious crime is deportable regardless of his fear of persecution in the country of deportation. Ramirez-Ramos v. INS, 814 F.2d 1394, 1397-98 (9th Cir.1987).
 
 
 11
 The Board made it clear Kontrol would be denied asylum as a matter of discretion in any event because of Kontrol's dishonorable discharge and his 1986 conviction, which rendered him unworthy of any relief.
 
 
 12
 III. Whether the Board Abused Its Discretion by Denying Kontrol a Waiver of Deportation Pursuant to 8 U.S.C. § 1182(c)
 
 
 13
 Kontrol seeks review of the Board's decision affirming the immigration judge's denial of his application for discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1988), amended by 8 U.S.C. § 1182(c) (Supp. II 1990).
 
 
 14
 The Board requires a showing of outstanding equities by applicants for discretionary relief who have been convicted of serious drug offenses. See Matter of Marin, 16 I. & N. Dec. 581, 586 n. 4 (1978). Outstanding equities must also be demonstrated where the applicant's record reflects a pattern of serious criminal activity. Matter of Buscemi, Interim Decision 3058 (BIA 1984). We review the BIA's balancing of the equities for section 212(c) relief for an abuse of discretion. Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987). In none of Kontrol's complaints about the quality of the deportation hearing does he contend he was denied the opportunity to present the equities in his behalf.
 
 
 15
 Recently, we found a strong Congressional policy against lenient treatment of drug offenders reflected in the immigration laws. Ayala-Chavez v. INS, 944 F.2d 638, 641 (9th Cir.1991). We stated: "Congress has forcefully expressed our national policy against persons who possess controlled substances by enacting laws ... to exclude them from the United States if they are aliens." Mason v. Brooks, 862 F.2d 190, 194-95 (9th Cir.1988), quoted in Ayala-Chavez, 944 F.2d at 641. We have held that the Board may require a higher standard of equitites for drug offenders than for other offenders seeking section 212(c) relief. Ayala-Chavez, 944 F.2d at 641.
 
 
 16
 In Ayala-Chavez, we concluded the Board did not abuse its discretion in denying section 212(c) relief where the petitioner was convicted of possession of cocaine and had been declared an habitual traffic offender, even though the equities in the petitioner's favor were considerable.[1] The Board did not abuse its discretion where Kontrol's convictions are more serious and the equities in his favor are less compelling than those of the petitioner in Ayala-Chavez. In his Army conviction, the record reflects that Kontrol was apprehended by German police as he attempted to bring $41,000 worth of illegal drugs into Germany from Holland. He was carrying a forged leave authorization form. Pending confinement, he stole his roommate's clothing and escaped from the custody of a guard by jumping out of a window. Kontrol was sentenced to a dishonorable discharge, confinement at hard labor for six years, total forfeitures, and reduction to the lowest enlisted grade. The sentence was reduced, but Kontrol served twenty-five months in prison.
 
 
 17
 The petition for review is denied.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In Ayala's favor, the Board considered his 18 year residence in the United States commencing at age nine; the fact that most of his family, including some who are United States citizens, resides here, many of whom testified on his behalf; and Ayala's support of his minor daughter. 944 F.2d at 642