68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elena PETRESCU, Petitioner-Appellant,
v.
IMMIGRATION & NATURALIZATION SERVICE; Clifton J. Rogers,
Acting District Director, INS; Rolland J. Johnson,
Assistant District Director, INS; Doris M. Meissner, INS
Commissioner; Linda Gonzalez, Inspector; and Does I
through X, Respondents-Appellees.
 No. 94-56726.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 8, 1995.*
Decided Oct. 6, 1995.
 
 Before: THOMPSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elena Petrescu was adjudged excludable by an Immigration and Naturalization Service (INS) immigration law judge, and appealed that ruling to the Board of Immigration Appeals. In the meantime, she sought a writ of habeas corpus from the district court because the INS denied her parole. The district court denied the writ and denied Petrescu's request to set a bond for her release. Thereafter, the INS fixed bond in the amount of $25,000, and later reduced the bond to $3,000, and offered to release Petrescu into the United States on bond or into Mexico without bond.
 
 
 3
 Petrescu appeals the district court's denial of her petition for a writ of habeas corpus. She argues she is entitled to parole because the district director of the INS failed to provide a "facially legitimate and bona fide reason" to deny her parole. Kleindienst v. Mandel, 408 U.S. 753, 770 (1992). She also contends the $25,000 bond the INS initially required is unreasonably high. Petrescu does not contend the $3,000 bond is excessive.
 
 
 4
 We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291, and we affirm the district court.
 
 DISCUSSION
 
 5
 In the Immigration and Naturalization Act, codified at 8 U.S.C. Sec. 1101, et seq., Congress delegated its plenary authority over the immigration of aliens to the attorney general. Under this delegation, the attorney general has broad responsibility for the administration and enforcement of all laws relating to the immigration and naturalization of aliens. 8 U.S.C. Sec. 1103. Congress has authorized the attorney general to grant parole in her discretion, 8 U.S.C. Sec. 1182(d)(5)(A), which power has in turn been delegated by the attorney general to the district directors of the INS. 8 C.F.R. Sec. 212.5.
 
 
 6
 Although Congress provided for judicial review of INS bond determinations in deportation proceedings, 8 U.S.C. Sec. 1252(a)(1), there is no statutory provision for judicial review of bond determinations in exclusion proceedings. Notwithstanding the absence of a statutory grant, we have the authority to review INS decisions imposing conditions of parole. We have previously held that INS decisions denying parole are subject to judicial review. Mason v. Brooks, 862 F.2d 190, 193-94 (9th Cir.1988). It would make little sense to have review authority over denials of parole but not over bond conditions of parole. Were we to eschew judicial review, the government would be free to set any arbitrary and excessive conditions it wished and thereby ensure the alien's continued detention without judicial oversight.
 
 
 7
 The scope of judicial review over INS parole decisions, however, is necessarily narrow. When the INS exercises its discretionary authority to deny or condition parole, we only examine the record to insure that the parole decision was made "on the basis of a facially legitimate and bona fide reason." Kleindienst, 408 U.S. at 770.
 
 
 8
 The INS's offered reasons for conditioning Petrescu's parole upon payment of a bond were legitimate and bona fide. The INS determined that Petrescu was a flight risk because she had violated the terms of her visitor's visa and had attempted to reenter the United States illegally by falsely representing herself as a United States citizen. The INS was well within its authority to conclude that, in light of her dishonesty and disregard for the covenants of her visitor's visa, Petrescu could not be trusted to return for future immigration proceedings, bound only by her promise to do so.
 
 
 9
 We do not rule on Petrescu's contention that the $25,000 bond was unreasonable, because the INS reduced the bond to $3,000, and Petrescu does not challenge the reduced amount. Thus, there is no present justiciable controversy as to the amount of the bond.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel ordered this case submitted without oral argument pursuant to the petitioner-appellant's unopposed motion that oral argument be dispensed with
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3