**Manuel CORONADO–DURAZO,**
Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

**No. 95–70543.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 1996.

Decided Feb. 26, 1997.

Richard A. Halloran, Lewis & Roca, Phoenix, Arizona, for petitioner.

Hugh Mullane, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for respondent.

---

Before: FLETCHER, FARRIS, and TASHIMA, Circuit Judges.

FLETCHER, Circuit Judge:

This appeal presents a narrow question: whether petitioner's conviction for solicitation to possess cocaine is a deportable offense within the meaning of section 241(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2). If we find that the conviction is a deportable offense, we lack jurisdiction to review the final order of deportation issued by the INS. Section 440(a) of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (to be codified at 8 U.S.C. § 1105a(a)(10)), denies judicial review of final orders of deportation of aliens on account of conviction for certain criminal offenses, including those defined by § 241(a)(2)(B)(i). *See Duldulao v. INS*, 90 F.3d 396 (9th Cir. 1996) (finding § 440(a) to apply retroactively and to be constitutional). We find that a conviction for solicitation to possess cocaine is a deportable offense under § 241(a)(2)(B)(i) and dismiss for lack of jurisdiction.

## I. FACTS

Petitioner Manuel Coronado–Durazo, a citizen of Mexico and permanent resident of the United States, was convicted of solicitation to possess cocaine in violation of Ariz.Rev.Stat. Ann. § 13–1002 (West 1989). In subsequent deportation proceedings, the IJ found him deportable pursuant to section 214(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(B)(i). The Board of Immigration Appeals ("Board") dismissed petitioner's appeal of the IJ's decision. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo the Board's determination of law. *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc). The Board's interpretation of the INA will be reversed only where the interpretation is demonstrably irrational or clearly contrary to the plain and sensible meaning of the statute. *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843, 104 S.Ct. 2778, 2781–82, 81 L.Ed.2d 694 (1984); *Bui v. INS*, 76 F.3d 268, 269–70 (9th Cir. 1996). "[I]f the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron*, 467 U.S. at 843, 104 S.Ct. at 2782. Only a "clear showing" of a contrary congressional intent will justify overruling the agency's interpretation of the statute it is charged with administering. *Castillo–Felix v. INS*, 601 F.2d 459, 465 (9th Cir.1979).

## III. DEPORTATION PURSUANT TO § 241(A)(2)(B)(i)

Section 241(a)(2)(B)(i), 8 U.S.C. § 1251(a)(2)(B)(i), provides that any alien who is convicted of "a violation of (or a conspiracy or attempt to violate) any law or regulation ... relating to a controlled substance" may be deported. Petitioner challenges his deportation on the ground that his conviction for solicitation to possess cocaine is not one for violation of a law relating to a controlled substance within the meaning of that section.

He relies on two arguments. The first is that Congress, by use of the disjunctive "or" intended to limit the range of generic violations relating to a controlled substance to either conspiracy or attempt, leaving solicitation beyond the reach of § 241(a)(2)(B)(i). The second is that solicitation is a separate and distinct crime from the underlying crime charged and therefore is not a conviction related to a controlled substance.

### A. Statutory Limitations on General Offenses

Petitioner erroneously asserts that Congress intended to include only two generic crimes, conspiracy and attempt, in § 241(a)(2)(B)(i). The published legislative

history of the addition of conspiracy in 1956[1] and attempt[2] in 1990 is silent as to congressional intent. It encompasses the possibility that the terms were added simply to clarify existing practice. Petitioner's effort to draw the conclusion that a crime is excluded from the category of deportable offenses because it has not been specifically enumerated in the statute has been rejected. *See Londono–Gomez v. INS,* 699 F.2d 475 (9th Cir.1983) (absence of aiding and abetting the distribution of cocaine); *Bronsztejn v. INS,* 526 F.2d 1290 (2d Cir.1975) (omission of attempted possession of marijuana); *Matter of N,* 6 I & N Dec. 557, 561 (BIA, A.G.1955) (absence of conspiracy). *See generally National Petroleum Refiners Ass'n v. FTC,* 482 F.2d 672, 676 (D.C.Cir.1973), *cert. denied,* 415 U.S. 951, 94 S.Ct. 1475, 39 L.Ed.2d 567 (1974) (stating that the maxim of statutory construction that the expression of one thing is the exclusion of another is increasingly considered unreliable "for it stands on the faulty premise that all possible alternative or supplemental provisions were necessarily considered and rejected by the legislative draftsmen").

"[I]f the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron,* 467 U.S. at 843, 104 S.Ct. at 2782. Only a "clear showing" of a contrary congressional intent will justify overruling the agency's interpretation of the statute it is charged with administering. *Castillo–Felix v. INS,* 601 F.2d 459, 465 (9th Cir.1979).

We find that the Board's interpretation is based on a permissible construction of § 241(a)(2)(B)(i). The Board looked to the phrase "related to" and determined that Congress intended to give it inclusive meaning, extending to inchoate crimes when they presuppose a purpose to commit an underlying

crime that itself would be a violation of a controlled substance law.

Congress has clearly spoken against aliens who abuse the hospitality of the United States by committing drug related crimes. *See e.g.,* Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, § 440(a), 110 Stat. 1214 (denying judicial review for deportations of aliens who have committed a controlled substance offense); Immigration Act of 1990, Pub.L. No. 101–649 §§ 501, 510, 104 Stat 5048 (broadening scope of aggravated felonies that are deportable offenses, instructing Attorney General to report on efforts of INS to identify and remove criminal aliens from the United States); Anti–Drug Abuse Amendments of 1988, Pub.L. No. 100–690, 102 Stat. 4469–4473 (replacing enumerated list of deportable offenses for a general definition including any drug trafficking crime as defined in § 924(c)(2) of title 18). *See also Ayala–Chavez v. INS,* 944 F.2d 638, 641 (9th Cir.1991) ("the immigration laws clearly reflect a strong policy against lenient treatment of drug offenders") (quoting *Blackwood v. INS,* 803 F.2d 1165, 1167 (11th Cir.1986)); *Mason v. Brooks,* 862 F.2d 190, 194–95 (9th Cir. 1988) ("Congress has forcefully expressed our national policy against persons who possess controlled substances by enacting laws . . . to exclude them from the United States if they are aliens.").

### B. Is Solicitation Related To Drug Possession?

Petitioner also attempts to analogize his situation to cases in which the alien was convicted in one of misprision (concealment) of a felony, 18 U.S.C. § 4, and in the other of illegally carrying a firearm during the commission of a felony, 18 U.S.C. § 924(c), yet in both escaped deportation. *See Castaneda De Esper v. INS,* 557 F.2d 79 (6th Cir.1977) (the underlying conduct was conspiracy to possess

---

1. Conspiracy was added to the statute by the Narcotic Control Act of 1956, Pub.L. No. 84–728, § 301(b), 70 Stat. 567, (current version at 8 U.S.C. § 1251(a)(2)(B)(i)(1996)). For the legislative history of the amendment, see H.R. Rep. No 2388, Conf. Rep. No. 2546 (1956), *reprinted in* 1956 U.S.C.C.A.N 3274–3321.

2. Attempt was added to the statute by the Immigration Act of 1990, Pub.L. No. 101–649, § 508(a), 104 Stat. 4978, 5051 (current version at 8 U.S.C. (a)(2)(B)(i)(1996)). For the legislative history of the amendment, see H.R.Rep. No. 101–955, at 132 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6784, 6797.

heroin); *Matter of Carrillo,* 16 I & N Dec. 625 (BIA 1978) (the underlying conduct was possession of heroin with intent to distribute).[3] We find these cases to be distinguishable. Notwithstanding the drug-related nature of the underlying conduct, the offenses of conviction did not pertain to controlled substances.

■ Solicitation, however, is an inchoate crime that presupposes a purpose to commit another crime: a person is guilty of solicitation if he "commands, encourages, requests or solicits" another person to engage in criminal activity with the intent to promote or facilitate the commission of the crime. Ariz. Rev.Stat. Ann. § 13–1002 (West 1989). Without the solicitation in this case for the commission of a drug offense, there would be no crime. Solicitation without more is not a free-standing crime—there must be solicitation to do a prohibited act.

■ We agree with the Board that when the underlying solicited conduct is a drug violation, which alone would constitute a ground of deportability under section 241(a)(2)(B)(i) of the INA, 8 U.S.C. § 1251(a)(2)(B)(i), a conviction for solicitation to commit that crime is a violation of a law 'relating to' a controlled substance. *See also Johnson v. INS,* 971 F.2d 340, 343 (9th Cir. 1992) ("The mere fact that the Travel Act outlaws other forms of criminal interstate travel does not mean it is not also, in appropriate cases, a law relating to controlled substances.") Accordingly, we find that Coronado's conviction for solicitation to possess cocaine is a deportable offense.

## IV. CONCLUSION

We find that petitioner's conviction for solicitation for the possession of cocaine is a deportable offense under § 241(a)(2)(B)(i). Accordingly, we DISMISS for lack of jurisdiction.

---

3. Both of these cases were decided under an earlier version of 8 U.S.C. § 1251(a)(11) which was not as all-encompassing in its definition of a drug related offense as is the current version. .

See the Anti–Drug Abuse Act of 1986, Pub.L. No. 99–570, § 1751, 100 Stat. 3207–47 (currently codified at 8 U.S.C. § 1251(a)(2)(B)(i) (1996)).