**Manuel CORONADO–DURAZO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 95–70543.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 1996.

Filed Feb. 26, 1997.

Petition for Rehearing Granted and Opinion Withdrawn Sept. 30, 1997.

Decided Sept. 30, 1997.

---

* Honorable Owen M. Panner, Senior United States District Judge for the District of Oregon, sitting by designation.

Richard A. Halloran, Phoenix, Arizona, for petitioner.

Hugh Mullane, Department of Justice, Washington, D.C., for respondent.

Before: FLETCHER, FARRIS, and TASHIMA, Circuit Judges.

**ORDER**

Appellant's petition for rehearing is granted. The opinion filed February 26, 1997, 108 F.3d 210, is withdrawn.

**OPINION**

FLETCHER, Circuit Judge.

This appeal presents a narrow question: whether petitioner's conviction for solicitation to possess cocaine is a deportable offense within the meaning of section 241(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2). If we find that the conviction is a deportable offense, we lack jurisdiction to review the final order of deportation issued by the INS. 8 U.S.C. § 1105a(a)(10), as amended by § 440(a) of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214; *see also Duldulao v. INS*, 90 F.3d 396, 399 (9th Cir.1996) (finding that § 440(a) applies retroactively and is constitutional). However, because we hold that Coronado–Durazo's conviction for solicitation to possess cocaine is not a deportable offense, we grant his petition for review, reverse the decision of the Board, and vacate his deportation order.

I. FACTS

Petitioner Manuel Coronado–Durazo, a citizen of Mexico and permanent resident of the United States, was convicted of solicitation to possess cocaine in violation of Ariz.Rev.Stat. Ann. § 13–1002 (West 1989). He was sentenced to two years' probation and $ 1,383.00

in fines and costs. In subsequent deportation proceedings, the IJ found him deportable pursuant to section 241(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(B)(i). The Board of Immigration Appeals ("Board") dismissed petitioner's appeal from the IJ's decision. This petition for review followed.

## II. STANDARD OF REVIEW

■■■ We review de novo the Board's determination of purely legal questions regarding the requirements of the Immigration and Nationality Act. *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (en banc). The Board's interpretation and application of the immigration laws are entitled to deference. *Id.* at 961; *see also Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). We are not obligated to accept an interpretation that is "demonstrably irrational or clearly contrary to the plain and sensible meaning of the statute." *Bui v. INS*, 76 F.3d 268, 269–70 (9th Cir.1996).

■■■ Whether a conviction for solicitation under Ariz.Rev.Stat. § 13–1002 is a deportable offense is a question of law, reviewed de novo. *See Rodriguez–Herrera v. INS*, 52 F.3d 238, 240 n. 4 (9th Cir.1995) (whether conviction under a Washington statute prohibiting malicious mischief is a deportable offense under § 241 as a crime involving moral turpitude is a question of law); *Gonzalez–Alvarado v. INS*, 39 F.3d 245, 246 (9th Cir.1994) (applying de novo review and concluding that in deciding whether an alien's conviction defines a crime involving moral turpitude "we consider the elements or nature of a crime as defined by the relevant statute."); *Goldeshtein v. INS*, 8 F.3d 645, 647 n. 4 (9th Cir.1993); *Flores–Arellano v. INS*, 5 F.3d 360 (9th Cir.1993) (applying de novo review to determine that a conviction for use of a controlled substance is a deportable offense). *See also Crandon v. United States*, 494 U.S. 152, 177, 110 S.Ct. 997, 1011, 108 L.Ed.2d 132 (1990) (Scalia, J., concurring) ("the vast body of administrative interpretation that exists ... is not an administrative interpretation that is entitled to

deference under *Chevron* ... The law in question, a criminal statute, is not administered by any agency but by the courts.").

## III. DEPORTATION PURSUANT TO § 241(A)(2)(B)(i)

■■■ Section 241(a)(2)(B)(i), 8 U.S.C. § 1251(a)(2)(B)(i), provides that any alien who is convicted of "a violation of (or a conspiracy or attempt to violate) any law or regulation ... relating to a controlled substance" may be deported. Petitioner challenges his deportation on the ground that his conviction for solicitation to possess cocaine is not one for violation of a law relating to a controlled substance within the meaning of that section.

We agree with petitioner. The plain language of section § 241(a)(2)(B)(i) includes only "conspiracy" or "attempt to" violate any law relating to a controlled substance, but is silent as to a conviction for solicitation of a controlled substance offence. The government argues that because § 241(a)(2)(B)(i) also makes deportable any alien convicted of a violation of any law or regulation ... *relating to* a controlled substance, the statute is ambiguous as to whether or not solicitation of a controlled substance, here cocaine, is sufficiently related to a controlled substance offense to be a deportable offense and that we should therefore defer to the INS's interpretation under the mandate of *Chevron*.

■■■ In interpreting statutes, we begin with the language of the statute itself. *Almero v. INS*, 18 F.3d 757, 760 (9th Cir. 1994). "Where the plain meaning of a provision is unambiguous that meaning is controlling, except in the 'rare case [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of the drafters.'" *Id.* (quoting *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989)). Only where the statute is silent or ambiguous regarding an issue do we grant a degree of deference to the interpretation of the administrative agency charged with implementing the statute or provision in question. *Chevron*, 467 U.S. at 843, 104 S.Ct. at 2781.[1]

---

**1.** We note that deference to the INS is appropriate when a matter is consigned to the INS's discretion in the first place, but that is not the

case here. The INS is not granted any discretion under § 241(a)(2)(B)(i) in deciding whether a

We find the statute's structure clear: aliens who have been convicted of violating laws specifically aimed at the regulation or prohibition of controlled substances are deportable, as are aliens who have been convicted of conspiracy or attempt to violate such laws.

Under Arizona law, a person has committed criminal "solicitation" when a person "with the intent to promote or facilitate the commission of a felony or misdemeanor ... commands, encourages, requests or solicits another person to engage in specific conduct which would constitute a felony or misdemeanor or which would establish the other's complicity in its commission." ARS § 13-1002(A). Coronado was found guilty of solicitation to possess or use a narcotic drug. As a result, he was sentenced as a class 6 felony. See ARS § 13–1002(B) (if the offense solicited is a class 4 felony (§ 13–3408(A)(1) and (B)(1)), solicitation of that offense would be a class 6 felony).

The Board based its decision upon its reasoning in *Matter of Beltran*, Int. Dec. # 3179 (BIA 1992), which held that conviction for solicitation to possess narcotic drugs under Ariz.Rev.Stat. § 13–1002 was a deportable offense as a conviction relating to a controlled substance when, as here, the underlying solicited conduct is a drug violation.

Arizona's solicitation statute, however, specifies a general offense applicable to a range of underlying offenses including but not limited to controlled substance violations. Arizona courts have explicitly held that solicitation, a preparatory offense, is a separate and distinct offense from the underlying crime because it requires a different mental state and different acts. *See State v. Tellez*, 165 Ariz. 381, 799 P.2d 1, 3 (Ct.App.1989) ("Solicitation is not a lesser included offense

of the sale of narcotic drugs because the mental and physical elements of solicitation are not necessary elements of the underlying offense."). Thus solicitation is a generic offense under Arizona law.

■ The plain language of § 241(a)(2)(B)(i) limits convictions for generic crimes that may result in deportation to conspiracy and attempt. Simply put, solicitation is not on the list. As we stated in *Flores–Arellano*, "[u]nder the established approach to statutory interpretation, we rely on plain language in the first instance, but always look to legislative history in order to determine whether there is a clear indication of contrary intent." *Flores–Arellano*, 5 F.3d 360, 363 (9th Cir.1993) (Reinhardt, J., specially concurring) (concluding that a conviction for use of a controlled substance was a deportable offense).

Here, however, as in *Flores–Arellano*, there is nothing in the legislative history contrary to or in support of the plain-language interpretation that Congress intended to limit deportable generic offenses to conspiracy and attempt: the published legislative history of the addition of conspiracy in 1956 [2] and attempt [3] in 1990 is silent as to congressional intent on the issue of whether these added generic crimes were to be exclusive or illustrative. *Id.* at 364. Here, as there, "[n]either party has identified anything in the legislative history that demonstrates that any legislator, much less a majority of them, thought about whether a lawful resident alien convicted of [solicitation] should be deportable...." *Id.* Here, as there, "this is one of those rare occasions when our statutory interpretation rests almost entirely upon the legal fiction that Congress' language embodies its intent." *Id.* at 363.

particular crime is one relating to a controlled substance as it is, for example, when determining whether or not to grant an alien relief from deportation under a statutory standard. *See Franklin v. INS*, 72 F.3d 571, 576–77 (8th Cir. 1995) (Bennett, District Judge, dissenting) (dissenting from a holding that a conviction for involuntary manslaughter was a deportable offense as a crime of moral turpitude and arguing that de novo review was proper).

2. Conspiracy was added to the statute by the Narcotic Control Act of 1956, Pub.L. No. 84–728,

§ 301(b), 70 Stat. 567, (current version at 8 U.S.C. § 1227(a)(2)(B)(i)(1996)). For the legislative history of the amendment, see H.R.Rep. No. 2388, Conf. Rep. No. 2546 (1956), *reprinted in* 1956 U.S.C.C.A.N 3274–3321.

3. Attempt was added to the statute by the Immigration Act of 1990, Pub.L. No. 101–649, § 508(a), 104 Stat. 4978, 5051 (current version at 8 U.S.C. § 1227(a)(2)(B)(i) (1996)). For the legislative history of the amendment, see H.R.Rep. No. 101–955, at 132 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6784, 6797.

In order to disregard the plain meaning of the statute encompassing only conspiracy and attempt, we would be required to conclude that the result is either absurd or would lead to internal inconsistency. *See United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981) ("If the statutory language is unambiguous, in the absence of a 'clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.'") (quoting *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2055, 64 L.Ed.2d 766 (1980)).

Congress has clearly spoken against aliens who abuse the hospitality of the United States by committing drug related crimes. *See e.g.,* the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, § 440(a), 110 Stat. 1214 (denying judicial review for deportations of aliens who have committed a controlled substance offense) and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub.L. No. 104–208, 110 Stat. 3008 (rewriting rules for both deportation and judicial review of aliens convicted of enumerated criminal offenses); Immigration Act of 1990, Pub.L. No. 101–649 §§ 501, ·510, 104 Stat. 5048 (broadening scope of aggravated felonies that are deportable offenses, instructing Attorney General to report on efforts of INS to identify and remove criminal aliens from the United States); Anti–Drug Abuse Amendments of 1988, Pub.L. No. 100–690, 102 Stat. 4469–4473 (replacing enumerated list of deportable offenses with a general definition). *See also Ayala–Chavez v. INS,* 944 F.2d 638, 641 (9th Cir.1991) ("the immigration laws clearly reflect a strong policy against lenient treatment of drug offenders."). However, we do not find it absurd, or inconsistent, that despite congressional zeal to eliminate illicit drug trafficking, Congress limited deportation for generic crimes to conspiracy and attempt.

Accordingly, we conclude that solicitation is not a deportable offense under § 241(a)(2)(B)(i). We grant Coronado–Durazo's petition for review, reverse the decision

of the Board, and vacate the order of deportation.

REVERSED.

FARRIS, Circuit Judge, dissenting.

I respectfully dissent. I would grant deference to the Board of Immigration Appeals' interpretation of § 241(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2). *Chevron U.S.A., Inc. v. National Resources Defense Council, Inc.,* 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). Under this interpretation, the phrase "related to" encompasses inchoate crimes such as Arizona's solicitation offense when the underlying conduct would be in violation of a controlled substances law.

As evidenced by the amount of analysis given by the majority to the federal statute, I do not appear to be alone in my belief that interpretation of § 241(a)(2)(B)(i) controls. In this regard, I begin with a point of possible agreement. Resolution of this matter requires a dual inquiry, with dual standards of review. Under the *Chevron* doctrine, deference may be employed in establishing the parameters of § 241(a)(2)(B)(i). Once a proper interpretation is determined, however, de novo review of the Arizona statute will establish whether solicitation falls within those parameters. *Franklin v. INS,* 72 F.3d 571, 580 (8th Cir.1995)(Bennett, J. dissenting).

Contrary to the majority's implication, application of *Chevron* is not inconsistent with the sole Ninth Circuit authority cited on § 241(a)(2)(B)(i), *Flores–Arellano v. INS,* 5 F.3d 360 (9th Cir.1993). *Flores–Arellano* did not address the question of deference, finding instead a clear congressional intent to include under-the-influence crimes within § 241(a)(2)(B)(i). *Id.* at 362. This approach follows the teachings of *Chevron. Chevron,* 467 U.S. at 842–43, 104 S.Ct. at 2781–82 (stating that courts must give effect to the clearly expressed intent of Congress).

In reversing the Board, the majority mentions deference, but relies upon the type of plain language approach used in *Flores–Arellano.* I cannot agree that this is a plain language case.[1] As in *Flores–Arellano,*

---

**1.** Nor do I believe that the majority has looked solely to plain language. Instead, it indicates

that "[s]imply put, solicitation is not on the list." Under any interpretation, this is an application

§ 241(a)(2)(B)(i) is silent as to a conviction for solicitation of a controlled substance. Unlike the crime in *Flores–Arellano,* however, there is more than one plausible interpretation for whether solicitation should be included in the statutory definition of deportable offenses. Focusing solely on the specific inclusion of two generic crimes, the statute may be read in the manner that the majority suggests. Focusing on the broad "relating to" phrase, as was done by the Board, it may be read in the opposite manner.

As the majority notes, the statutory history does little to clarify which approach is correct. Congressional intent need be ascertained, if at all, from the plain language of the statute. The majority suggests no viable alternative method and I believe that none exists. I conclude that § 241(a)(2)(B)(i) is either silent or ambiguous on the inclusion of solicitation crimes and deference to the Board's interpretation is appropriate. *Chevron,* 467 U.S. at 843, 104 S.Ct. at 2781; *De Osorio v. INS,* 10 F.3d 1034, 1043 (4th Cir.1993)(rejecting the doctrine of lenity as non-dispositive).

Employing deference, I would also conclude that the Board's interpretation of § 241(a)(2)(B)(i) is reasonable. *Chevron,* 467 U.S. at 843, 104 S.Ct. at 2781. We have previously recognized Congress' clear intent to deport aliens who commit drug related crimes. *See Ayala–Chavez v. INS,* 944 F.2d 638, 641 (9th Cir.1991). A reasonable implementation of this intent, and the language of the statute, is found in the Board's interpretation.

The question of deference is dispositive in this context. It is virtually unquestionable that Arizona's solicitation statute meets the requirements of § 241(a)(2)(B)(i) under the Board's interpretation. Because solicitation is a deportable offense, the petition should be dismissed for lack of jurisdiction. 8 U.S.C. § 1105a(a)(10), as amended by § 440(a) of the Antiterrorism and Effective Death Penal-

of the maxim "expressio unius est exclusio alterius." This maxim has been severely questioned as a reliable indicator of Congress' intent. *Na-*

ty Act of 1996, Pub.L.No. 104–132, 110 Stat. 1214.

I would affirm.

*tional Petroleum Refiners Ass'n v. FTC,* 482 F.2d 672, 676 (D.C.Cir.1973).