**Dwight Fitzgerald TUCKER,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

No. 05–74640.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2006.

Dec. 18, 2006.

Meir Feder, Esq., Kate Bushman, Esq., Jones Day, New York, NY, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Linda S. Wendtland, Esq., John R. Cunningham, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, COWEN,* and BERZON, Circuit Judges.

MEMORANDUM **

Petitioner, Dwight Fitzgerald Tucker, a native and citizen of Belize, seeks relief

---

\* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

from the Board of Immigration Appeals' determination that he is removable for having been convicted of a controlled substance offense. For the reasons set forth below, the petition for review is denied.

## I.

Tucker legally immigrated to the United States with his parents in March 1977. During his time in the United States, he has amassed three convictions. First, on April 27, 1989, Tucker pleaded guilty in New York state court to a felony charge of sale of cocaine in violation of section 220.31 of the New York Penal Law. He was sentenced to a prison term of between one and three years. Second, on July 2, 2003, Tucker pleaded guilty in Arizona state court to possession of marijuana in violation of section 13–3405 of the Arizona Revised Statutes. Tucker was sentenced to probation. Third, on September 23, 2003, Tucker again pleaded guilty in Arizona state court to a charge of possession of marijuana in violation of section 13–3405 of the Arizona Revised Statutes. The court concluded that Tucker had violated his probation for his previous conviction, and sentenced Tucker to one year of imprisonment for the first Arizona conviction, and one year of imprisonment for the second Arizona conviction.

On January 13, 2005, the Immigration and Naturalization Service (INS) served Tucker with a Notice to Appear, which alleged that Tucker was removable for two independent reasons: (1) he had been convicted of an aggravated felony, as defined in section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1227(a)(2)(A)(iii); and (2) he had been convicted of violating a state law relating to a controlled substance, as defined in section 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i).

On February 28, 2005, the Immigration Judge (IJ) ruled that Tucker was removable based on his convictions as charged by the INS, and ordered that Tucker be removed from the United States to Belize. Tucker appealed the IJ's decision to the Board of Immigration Appeals (BIA), and on July 25, 2005, the BIA issued an opinion concluding that Tucker's "2003 Arizona conviction for possession or use of marijuana constitute[d] a controlled substance violation that render[ed] him removable from the United States under section 237(a)(2)(B)(i) of the Act."

This timely appeal followed.

## II.

Tucker presents a single argument on appeal—namely, that the Arizona statute that he was convicted of violating cannot serve as a predicate offense for deportation under section 237(a)(2)(B)(i) of the INA because it is not a law relating to a controlled substance.[1] We have jurisdiction over this legal issue pursuant to 8 U.S.C. § 1252(a)(2)(D), and we review de novo whether a conviction under state law is a removable offense. *Morales–Alegria v. Gonzales*, 449 F.3d 1051, 1053 (9th Cir. 2006).

Pursuant to section 237(a)(2)(B)(i) of the INA, an alien is deportable if he or she "has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a con-

---

1. In his opening brief, Tucker also argued that his procedural due process rights were violated and that none of his state convictions constituted an aggravated felony. However, in Tucker's reply brief, he conceded that his procedural due process argument lacked merit, and stated that he no longer wished to press it. Further, in the government's brief, it acknowledged that the BIA did not rule that Tucker was removable because he had been convicted of an aggravated felony. Thus, the government elected to argue that Tucker is removable solely because he has been convicted of a controlled substance offense.

trolled substance (as defined in section 802 of Title 21)." We construe the "relating to" language broadly, *Luu–Le v. INS,* 224 F.3d 911, 915 (9th Cir.2000), and have explained that section 237(a)(2)(B)(i) means that "aliens who have been convicted of violating laws specifically aimed at the regulation or prohibition of controlled substances are deportable," *Coronado–Durazo v. INS,* 123 F.3d 1322, 1325 (9th Cir.1997). Thus, we must evaluate whether the Arizona statute that Tucker was convicted of violating—section 13–3405 of the Arizona Revised Statutes—is a law relating to a controlled substance.

To determine whether Tucker was convicted of a controlled substance offense, we employ the analysis articulated in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and first compare the Arizona statute to section 237(a)(2)(B)(i). *Li v. Ashcroft,* 389 F.3d 892, 895 (9th Cir.2004). Under this approach, the Arizona statute will qualify as a controlled substance offense only if the "full range of conduct" that it covers falls within the meaning of section 237(a)(2)(B)(i). *United States v. Baron–Medina,* 187 F.3d 1144, 1146 (9th Cir.1999) (internal quotation marks omitted). If the Arizona statute that Tucker violated is broader than section 237(a)(2)(B)(i), we employ the modified categorical approach, which allows us to consider documents in the record of conviction to determine whether Tucker was actually convicted of the elements of the generic offense. *Id.* at 1146 n. 3.

Tucker was convicted twice for violating section 13–3405 of the Arizona Revised Statutes. This statute provides, in part:

A. A person shall not knowingly:

1. Possess or use marijuana.

2. Possess marijuana for sale.

3. Produce marijuana.

4. Transport for sale, import into this state or offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer marijuana.

It is clear from the face of section 13–3405 of the Arizona Revised Statutes that it is specifically aimed at the prohibition of a controlled substance. Each of the four paragraphs of § 13–3405(A) explicitly criminalizes conduct involving marijuana, a controlled substance.

Tucker attempts to escape this conclusion, however, by arguing that the fourth paragraph of section 13–3405(A) of the Arizona Revised Statutes criminalizes solicitation of marijuana-related offenses, and that we have previously held that solicitation to possess marijuana is not a conviction relating to a controlled substance. He rests this argument on our holdings in *Coronado–Durazo* and *Leyva–Licea v. INS,* 187 F.3d 1147 (9th Cir.1999). In *Coronado–Durazo,* the petitioner had been convicted under Arizona's general solicitation statute, section 13–1002 of the Arizona Revised Statutes, of solicitation to possess cocaine. 123 F.3d at 1323. We ruled that section 241(a)(2)(B)(i) of the INA provides for the deportation of either: (1) "aliens who have been convicted of violating laws specifically aimed at the regulation or prohibition of controlled substances"; or (2) "aliens who have been convicted of conspiracy or attempt to violate such laws." *Id.* at 1325. We noted that section 241(a)(2)(B)(i) specifically includes conspiracy and attempt, but not solicitation, and concluded that the absence of solicitation demonstrated that "Congress intended to limit deportable generic offenses to conspiracy and attempt." *Id.;* see also *Leyva–Licea,* 187 F.3d at 1149 (conviction under Arizona solicitation statute for solicitation to possess marijuana for sale not a deportable offense under section 241(a)(2)(B)(i) of the INA).

Tucker argues that the fourth paragraph of section 13–3405(A) of the Arizona

Revised Statutes contains elements of solicitation, and that he should therefore not be removable for the reasons discussed in *Coronado–Durazo*. However, even accepting Tucker's interpretation of the fourth paragraph, his claim fails. *Coronado–Durazo* explained that under section 241(a)(2)(B)(i) an alien is removable *either* if he or she has been convicted of violating a law specifically aimed at the regulation or prohibition of controlled substances *or* if the alien has been convicted of conspiracy or attempt to violate such a law. 123 F.3d at 1325. In *Coronado–Durazo* and *Leyva–Licea*, the alien had been convicted of neither; instead, the alien had been convicted under a general solicitation statute. Here, however, Tucker was convicted under a statute specifically aimed at the prohibition of controlled substances. Thus, we need not look beyond the first method of establishing deportability under section 241(a)(2)(B)(i) and *Coronado–Durazo*. *See Olivera–Garcia v. INS*, 328 F.3d 1083, 1087 (9th Cir.2003) (ruling that there was a "critical difference" between its case, where the petitioner had been convicted of violating a "substantive drug statute," and *Coronado–Durazo* and *Leyva–Licea*, where the petitioners had been convicted of violating the "generic offense under Arizona law of soliciting to commit a drug offense" (internal quotation marks omitted)).

Further, even assuming that the fourth paragraph of section 13–3405(A) of the Arizona Revised Statutes criminalizes conduct that does not qualify as a controlled substance violation, Tucker's claim still fails. When the categorical approach is inconclusive, we employ the modified categorical approach; among the documents that we may refer to under the modified categorical approach is a judgment of conviction. *See, e.g., Medina v. Ashcroft*, 393 F.3d 1063, 1066 (9th Cir.2005). Here, Tucker's judgments of conviction for his

Arizona crimes unequivocally demonstrate that his convictions were based on the first (*and not the fourth*) paragraph of the Arizona statute, rendering his arguments concerning the fourth paragraph inapposite. First, the judgments state, simply, "Offense: Count 1—Possession of Marijuana." This description can refer only to the first paragraph of the Arizona statute, not the fourth. Further, the judgments both describe Tucker's crime as a class six felony. After listing the various crimes, section 13–3405 of the Arizona Revised Statutes designates felony classes for each crime; paragraph one is the only crime in the section that is designated a class six felony. Ariz.Rev.Stat. Ann. § 13–3405(B)(1). The crimes described in paragraph four, on the other hand, are designated as either class two or class three felonies. *Id.* Thus, it is clear that Tucker was convicted under paragraph one of section 13–3405(A) of the Arizona Revised Statutes, and the BIA was correct in concluding that Tucker is removable under section 237(a)(2)(B)(i) of the INA.

PETITION FOR REVIEW DENIED.