**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ADRIAN GUERRERO-SILVA,
                    *Petitioner,*

v.

ERIC H. HOLDER JR., Attorney
General,
                    *Respondent.*

No. 05-77420

Agency No.
A090-098-228

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2010*
San Francisco, California

Filed March 31, 2010

Before: Procter Hug, Jr. and Jay S. Bybee, Circuit Judges,
and James S. Gwin,** District Judge.

Opinion by Judge Bybee

---

*The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

**COUNSEL**

Michael K. Mehr, Law Office of Michael K. Mehr, Santa Cruz, California, for the petitioner.

Peter D. Keisler, M. Jocelyn Lopez Wright & Lindsay L. Chichester, United States Department of Justice, Civil Division, Washington, D.C., for the respondent.

**OPINION**

BYBEE, Circuit Judge:

Again, we face the question of whether a state conviction qualifies as a removable offense under federal immigration law. Adrian Guerrero-Silva argues that his conviction under California Health and Safety Code § 11361(b) does not qualify as a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i). We conclude that Guerrero-Silva is removable and, because Guerrero-Silva does not raise any other constitutional questions or questions of law, we dismiss his petition. 8 U.S.C. § 1252(a)(2)(D); *see Luu-Le v. INS*, 224 F.3d 911, 914 (9th Cir. 2000).

I

Guerrero-Silva, a citizen of Mexico, entered the United States at age two. He later adjusted his status in the United States to that of a lawful permanent resident. In 2002, Guerrero-Silva was convicted in California Superior Court of "furnish[ing], administer[ing], or giv[ing], or offer[ing] to furnish, administer, or give," marijuana to a minor older than fourteen. CAL. HEALTH & SAFETY CODE § 11361(b).

In 2005, the Department of Homeland Security commenced removal proceedings against Guerrero by issuing a Notice to Appear. [AR 346.] The Notice told Guerrero that he was "subject to removal from the United States pursuant to . . . Section 237(a)(2)(B)(i) of the Immigration and Nationality Act." [AR 357;] *see* 8 U.S.C. § 1227(a)(2)(B)(i). After a hearing, the Immigration Judge held that Guerrero was removable and denied Guerrero's application for cancellation of removal. The Board of Immigration Appeals affirmed, and Guerrero timely appealed.

## II

**[1]** Under the categorical approach outlined in *Taylor v. United States*, 495 U.S. 575, 588-89 (1990), we compare the state statute of conviction, California Health and Safety Code § 11361(b), with the federal predicate offense, 8 U.S.C. § 1227(a)(2)(B)(i), to determine whether the state statute criminalizes only conduct that falls within the federal offense. We conclude that the state statute at issue here fits categorically within the federal offense.

**[2]** California Health and Safety Code § 11361(b) provides:

> Every person 18 years of age or over who furnishes, administers, or gives, or offers to furnish, administer, or give, any marijuana to a minor 14 years of age or older shall be punished by imprisonment in the state prison for a period of three, four, or five years.

Section 1227(a)(2)(B)(i) makes removable

> [a]ny alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of

Title 21), other than a single offense involving pos-
session for one's own use of 30 grams or less of
marijuana . . . .

8 U.S.C. § 1227(a)(2)(B)(i). Because federal law lists mari-
juana as a controlled substance, 21 U.S.C. §§ 802(6),
812(b)(1)(C), California Health and Safety Code § 11361(b)
criminalizes only conduct that "relat[es] to a controlled sub-
stance," *Mielewczyk v. Holder*, 575 F.3d 992, 998 (9th Cir.
2009). We recognize that 8 U.S.C. § 1227(a)(2)(B)(i) pro-
vides an exception to removability for a "single offense
involving possession for one's own use of 30 grams or less of
marijuana." That provision does not apply here, however,
because the actions California Health and Safety Code
§ 11361(b) prohibits—"furnish[ing], administer[ing], or giv-
[ing], or offer[ing] to furnish, administer, or give"—are
actions that, by definition, do not include "possession for
one's own use." *See* WEBSTER'S THIRD NEW INTERNATIONAL
DICTIONARY 923 (1993) (defining furnish to mean "to provide
or supply"); *id.* at 27 (defining "administer" to mean "to give
or furnish a real or assumed benefit"); *id.* at 959 (defining
"give" to mean "to confer the ownership of without receiving
a return").

Guerrero-Silva offers one argument in response. He says
that California Health and Safety Code § 11361(b) includes
solicitation offenses because it prohibits "offers" to "furnish,
administer, or give" marijuana. From this, he argues that he
is not removable because some of our cases have held that
some solicitation offenses are not removable offenses under
the statute. *See Coronado-Durazo v. INS*, 123 F.3d 1322 (9th
Cir. 1997), and *United States v. Rivera-Sanchez*, 247 F.3d 905
(9th Cir. 2001) (en banc), *superseded on other grounds by*
U.S.S.G. § 2L1.2 cmt. n.4 (2002). In accordance with recent
precedent, we accept Guerrero-Silva's premise but not his
conclusion.

In *Coronado-Durazo*, we held that solicitation under Ari-
zona Revised Statute § 13-1002 does not constitute a remov-

able offense within the meaning of 8 U.S.C. § 1227(a)(2)(B)(i). 123 F.3d at 1323. We explained: "aliens who have been convicted of violating laws specifically aimed at the regulation . . . of controlled substances are deportable, as are aliens who have been convicted of conspiracy or attempt to violate such laws." *Id.* Arizona's statute, we held, did not fit that structure because it "specifie[d] a general offense applicable to a range of underlying offenses including but not limited to controlled substance violations." *Id.* at 1325. In *Rivera-Sanchez*, we addressed a different removable offense: an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(B); 247 F.3d at 909. We held that "solicitation offenses are [not] aggravated felonies." *Rivera-Sanchez*, 247 F.3d at 909.

Guerrero-Silva's reliance on these cases is foreclosed by our decision in *Mielewczyk*. In that case, we held that a conviction under California Health and Safety Code § 11352(a) qualified as a removable offense under 8 U.S.C. § 1227(a)(2)(B)(i) "[b]ecause the statute of conviction by its own terms is a state law 'relating to a controlled substance' . . . ." 575 F.3d at 993. We distinguished *Coronado-Durazo* based on the fact that *Coronado-Durazo* involved a *generic* solicitation statute, whereas California Health and Safety Code § 11352(a) is specifically aimed at controlled substance offenses. *See id.* at 996. We held that *Rivera-Sanchez* did not apply because it involved aggravated felonies under 8 U.S.C. § 1101(a)(43)(B), not controlled substance offenses under 8 U.S.C. § 1227(a)(2)(B)(i). *Mielewczyk*, 575 F.3d at 997.

**[3]** As with California Health and Safety Code § 11352(a), California Health and Safety Code § 11361(b)—which, by its own terms, is limited to offenses involving marijuana—is a state law "specifically aimed at controlled substance offenses." *Mielewczyk*, 575 F.3d at 998. As a result, Guerrero-Silva's conviction under § 11361(b) renders him removable under 8 U.S.C. § 1227(a)(2)(B)(i). *Id.* Guerrero-Silva's removability, in turn, strips this court of further jurisdiction over his petition for review. *See* 8 U.S.C. § 1252(a)(2)(C).

## III

The petition is DISMISSED.