**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STANLEY RONALD GUINTO, | No.   13-72938 |
| Petitioner, | Agency No. A029-677-725 |
| v. | |
| SALLY YATES, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 8, 2016
Portland, Oregon

Before:  McKEOWN, W. FLETCHER and FISHER, Circuit Judges.

Stanley Ronald Guinto pled guilty to delivering marijuana under Oregon

Revised Statutes § 475.992(1)(a).  Shortly thereafter, the government instituted

removal proceedings against him based on two charges: (1) conviction of an

aggravated felony and (2) conviction of an offense related to a controlled

substance.  *See* 8 U.S.C. § 1227(a)(2)(A)(iii), (B)(i).  The IJ found Guinto's

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

conviction qualified as an aggravated felony and ordered him removed, making him ineligible for cancellation of removal. *See id.* § 1229b(a)(3). The BIA dismissed Guinto's appeal. He timely petitioned for review.

In our concurrently filed opinion, *Sandoval v. Yates*, No. 13-71784 **at 18**, we held § 475.992(1)(a) is not an aggravated felony because it punishes solicitation in addition to actual or attempted delivery of controlled substances. But Guinto did not raise this argument before the BIA. Thus, the question is whether we have jurisdiction to apply our holding in *Sandoval* to Guinto's case.

Under 8 U.S.C. § 1252(d)(1), "[a] court may review a final order of removal only if – (1) the alien has exhausted all administrative remedies available to the alien as of right." Although it is not necessary for a petitioner to raise his "*precise* argument" in administrative proceedings to exhaust his remedies, he must do more than make a "general challenge to the IJ's decision." *Alvarado v. Holder*, 759 F.3d 1121, 1128 (9th Cir. 2014) (internal quotation marks omitted); *see also Rendon v. Mukasey*, 520 F.3d 967, 972 (9th Cir. 2008). Petitioners must "specify which issues form the basis of the appeal," *Alvarado*, 759 F.3d at 1128 (internal quotation marks omitted), and the BIA is entitled to rely upon the petitioner's brief to identify these issues, *see Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc).

2

Nevertheless, a petitioner "need only exhaust all administrative remedies available '*as of right.*'" *Alvarado*, 759 F.3d at 1128 (quoting *Sun v. Ashcroft*, 370 F.3d 932, 941 (9th Cir. 2004)). "A remedy is available as of right only when the agency can 'give unencumbered consideration to whether relief should be granted,'" *id.* (quoting *Sun*, 370 F.3d at 942); entirely foreclosed issues are not unencumbered, *see id.* The BIA is foreclosed from reconsidering legal issues outside the BIA's authority – such as the interpretation of state criminal statutes – decided by federal appellate courts. *See id.* at 1128-29.

At the time of Guinto's BIA appeal, the Ninth Circuit did not require a finding of divisibility before applying the modified categorical approach to determine whether a state conviction was an aggravated felony. *See Lopez-Valencia v. Lynch*, 798 F.3d 863, 868 (9th Cir. 2015); *see also United States v. Aguila-Montes de Oca*, 655 F.3d 915 (9th Cir. 2011) (en banc), *abrogated by Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013). Under this precedent, Guinto's conviction qualified as an aggravated felony under the modified categorical approach.[1] The IJ simply considered Guinto's record of conviction to

---

[1] *Compare Aguila-Montes*, 655 F.3d at 937 ("[T]he modified categorical approach asks what facts the conviction 'necessarily rested' on in light of the theory of the case as revealed in the relevant *Shepard* documents, and whether these facts satisfy the elements of the generic offense."), *and id.* at 940 ("In any

(continued...)

3

conclude he had been convicted of an aggravated felony, and the BIA did not disagree with this method. This was entirely consistent with Ninth Circuit precedent at the time. *See, e.g.*, *United States v. Chavaria-Angel*, 323 F.3d 1172, 1177-78 (9th Cir. 2003) (applying the modified categorical approach to a conviction under § 475.992 to conclude a defendant was convicted of an aggravated felony because he admitted to selling controlled substances in his record of conviction).

*Leyva-Licea v. INS*, 187 F.3d 1147 (9th Cir. 1999), and *Coronado-Durazo v. INS*, 123 F.3d 1322 (9th Cir. 1997), would not have prevented this conclusion because they concerned general solicitation statutes, not specific controlled substances statutes that could be violated through solicitation. *See Leyva-Licea*, 187 F.3d at 1149 (petitioner convicted of solicitation to possess marijuana for sale); *Coronado-Durazo*, 123 F.3d at 1323 (petitioner convicted of solicitation to

---

[1](...continued)
case requiring the application of *Taylor*'s categorical approach, in the event that we determine that the statute under which the defendant or alien was previously convicted is categorically broader than the generic offense, we may apply the modified categorical approach."), *with Descamps*, 133 S. Ct. at 2288 ("[T]he Ninth Circuit's reworking [improperly] authorizes the court to try to discern what a trial showed, or a plea proceeding revealed, about the defendant's underlying conduct."), *and id.* at 2287 ("That approach – which an objecting judge aptly called 'modified factual,' . . . – turns an elements-based inquiry into an evidence-based one.").

possess cocaine); *see also United States v. Rivera-Sanchez*, 247 F.3d 905, 909 (9th Cir. 2001) (en banc) (not reaching the issue of whether, under the modified categorical approach and without any divisibility analysis, a crime including solicitation as a possible method was an aggravated felony), *superseded on other grounds as stated in Guerrero-Silva v. Holder*, 599 F.3d 1090, 1092 (9th Cir. 2010). The *only* method of committing the crimes at issue in *Leyva-Licea* and *Coronado-Durazo* was solicitation. Section 475.992(1)(a) punishes delivering or attempting to deliver (as understood under federal law) marijuana as well. Thus, under Ninth Circuit precedent at the time, the BIA rightly applied the modified categorical approach to find Guinto guilty of delivery of or possession with intent to deliver marijuana. As a result, it would have been futile for Guinto to present his statutory overbreadth argument to the BIA.

We acknowledge that *Descamps* was decided before the BIA rendered its decision. Under *Alvarado*, we may not assume "the BIA would rigidly apply circuit precedent when confronted with a meritorious argument that such precedent is no longer binding." *Alvarado*, 759 F.3d at 1130. Accordingly, it is true the BIA

could have rejected our pre-*Descamps* case law and concluded a divisibility analysis was necessary.[2]

Nevertheless, unlike in *Alvarado*, Guinto had no remedy available "as of right" to bring these issues before the BIA. *See Alcaraz v. INS*, 384 F.3d 1150, 1160 (9th Cir. 2004) (discretionary remedies such as motions to reopen or motions to supplement are not remedies available "as of right"). Further, in *Alvarado*, the allegedly foreclosed legal argument had been available at the very outset of the removal proceedings. *See Alvarado*, 759 F.3d at 1125, 1127 (noting removal proceedings were instituted in August 2009 whereas the intervening legal authority was decided in January of that year). Here, *Descamps* was decided over a year after Guinto exercised his last available administrative remedy as of right. Given such circumstances, we hold the issue has been exhausted. *See Alcaraz*, 384 F.3d at 1158-60 (holding there was no jurisdictional bar under 8 U.S.C. § 1252(d) to reviewing legal issues that arose after arguments to the BIA were made). Accordingly, we have jurisdiction to consider Guinto's solicitation argument.

---

[2] Notably, the BIA did *not* consider this case and, even in this appeal, the government has argued it is not clear divisibility analysis applies. Only recently has the BIA concluded that *Descamps*' divisibility analysis applies to immigration proceedings. *See In re Chairez-Castrejon*, 26 I. & N. Dec. 819, 819-20 (BIA 2016).

Guinto's petition is granted because § 475.992(1)(a) is not an aggravated felony under *Sandoval*.

PETITION **GRANTED AND REMANDED.**

7