**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

TOMAS PEREZ,

*Plaintiff-Appellant*,

v.

BARRICK GOLDSTRIKE MINES, INC.,

*Defendant-Appellee*.

No. 23-15043

D.C. No. 3:19-cv-00067- RCJ-CSD

OPINION

Appeal from the United States District Court for the District of Nevada Robert C. Jones, District Judge, Presiding

Argued and Submitted May 14, 2024 San Francisco, California

Filed June 28, 2024

Before: Kenneth K. Lee and Daniel A. Bress, Circuit Judges, and John R. Tunheim,[*] District Judge.

Opinion by Judge Tunheim

---

[*] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

## SUMMARY[**]

### Family and Medical Leave Act

The panel affirmed the district court's judgment after a jury trial in favor of the defendant in an action under the Family and Medical Leave Act.

Tomas Perez claimed that his former employer, Barrick Goldstrike Mines, Inc., wrongfully interfered with his rights under the Act when it terminated his employment as an underground haul truck driver. The jury found that Perez failed to show by a preponderance of the evidence either that he suffered a serious health condition preventing him from performing his job or that Barrick terminated his employment because he sought protected leave.

Agreeing with other circuits, the panel held that the Family and Medical Leave Act does not require an employer to present contrary medical evidence before contesting a doctor's certification of a serious health condition. The district court therefore did not err by failing to instruct the jury that only contrary medical evidence could defeat Perez's doctor's certification. The jury properly considered the non-medical evidence that Barrick offered at trial in support of its argument that Perez did not have a serious health condition within the meaning of the Act.

The panel addressed additional issues in an accompanying memorandum disposition.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

James P. Kemp (argued), Kemp & Kemp, Las Vegas, Nevada; James M. Jimmerson and James J. Jimmerson, The Jimmerson Law Firm PC, Las Vegas, Nevada; for Plaintiff-Appellant.

Jack S. Sholkoff (argued), Catherine L. Brackett, Ogletree Deakins Nash Smoak & Stewart PC, Los Angeles, California; David C. Castleberry and Amanda L. Fuller, Ogletree Deakins Nash Smoak & Stewart PC, Salt Lake City, Utah; Trevor J. Lee, Hoggan Lee Hutchinson, Park City, Utah; for Defendant-Appellee.

**OPINION**

TUNHEIM, District Judge:

Plaintiff-Appellant Tomas Perez brought this action against his former employer, Barrick Goldstrike Mines, Inc., challenging his termination as an underground haul truck driver after he allegedly faked a work injury to take leave under the Family and Medical Leave Act (FMLA). Perez asserts a claim for wrongful interference with his rights under the FMLA and retaliatory discharge in violation of Nevada public policy.

A jury returned a verdict for Barrick on both claims, finding that Perez had not shown by a preponderance of the evidence that he suffered a serious health condition preventing him from performing his job under the FMLA or that Barrick terminated his employment because he filed a worker's compensation claim. Perez contends that the

district court erred by failing to instruct the jury that only contrary medical evidence can defeat a doctor's certification of a serious health condition under the FMLA. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the FMLA does not require an employer to present contrary medical evidence before contesting a doctor's FMLA certification, we affirm.[1]

## I. BACKGROUND

### A. Perez's Reported Accident and Resulting Injury

Perez claims he was injured during one of his work shifts when his haul truck collided with the wall of a mine and his chest was thrust into the armrest of the driver's seat. Although Barrick policy requires employees to report "all injuries and incidents immediately," Perez did not report the collision until the end of his shift, hours later.

An on-site emergency medical technician who examined Perez did not observe any outward signs of injury. Similarly, Dr. Black, who treated Perez, found no outward signs of injury, no abnormalities in Perez's X-rays, and that Perez's heart and lungs were functioning normally. Nevertheless, based on Perez's explanation of the accident and his resulting pain, Dr. Black diagnosed Perez with a chest wall contusion and muscle spasms, prescribed him a muscle relaxant, and certified that he was to remain off work for five days, pending a follow-up appointment. Because Perez claimed that he was still suffering severe pain from certain movements at the follow-up, Dr. Black certified Perez to remain off-work for another eleven days. Perez was

---

[1] We address Perez's other arguments on appeal in an accompanying memorandum disposition.

approved to return to work eighteen days after the alleged accident, with no restrictions.

## B.  Barrick's Investigation and Perez's Termination

Barrick began investigating Perez's alleged accident after Perez disclosed it, but Barrick found no physical evidence that Perez's truck had in fact collided with the side of the mine.  And an employee later emailed management that one of Perez's friends told the employee that Perez "is faking a work related injury in order to take time off to work on personal business (fixing rental properties)."

Barrick hired a private investigator to follow Perez and confirm whether he was fraudulently taking FMLA leave. Over the course of three days, the investigator captured video evidence of Perez engaging in various activities without visible signs of difficulty or discomfort, including driving through town, gambling at a casino, performing repair work at his rental property, repeatedly lifting and holding both arms over his head, and carrying and using a power drill and other tools and equipment.

When Perez returned from leave, Barrick confronted Perez with the employee's report and investigator's findings. Perez responded that he had "nothing to say."  Barrick then fired Perez after concluding that he had faked his injury and violated company policy.

## C.  Procedural History

Perez filed this action in the United States District Court for the District of Nevada.  Perez claimed Barrick terminated his employment and denied reinstatement in violation of the FMLA and Nevada public policy.  Barrick denied any wrongdoing and argued that Perez was terminated for failing

to properly report his injury and lying about the existence and/or extent of his injury or accident.

The case proceeded to a jury trial. The jury returned a verdict in favor of Barrick, finding that Perez had not shown by a preponderance of the evidence that he suffered a serious health condition that prevented him from performing his job or that he was terminated for seeking protected leave.

## II. DISCUSSION

### A.  Standard of Review

We review jury instructions de novo for prejudicial error. *Swinton v. Potomac Corp.*, 270 F.3d 794, 802 (9th Cir. 2001). "[P]rejudicial error results when, 'looking to the instructions as a whole, the substance of the applicable law was [not] fairly and correctly covered.'" *Id.* (quoting *In re Asbestos Cases*, 847 F.2d 523, 524 (9th Cir. 1988)). Reversal is required unless "the error is more probably than not harmless." *Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009).

### B.  FMLA Claim

To make out a prima facie case of FMLA interference, an employee must first "establish that . . . he was eligible for the FMLA's protections." *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011) (quotation omitted). An employee is entitled to FMLA leave if he has "a serious health condition that makes the employee unable to perform the functions of the position." 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" is an "injury" that involves "continuing treatment" by a health care provider—or a period of incapacity of more than three consecutive calendar days. 29 U.S.C. § 2611(11); 29 C.F.R. § 825.115(a).

Under the FMLA, an employer may "require that a request for leave" due to a serious health condition "be supported by a certification" from a health care provider. 29 U.S.C. § 2613(a). "In any case in which the employer has reason to doubt the validity of the certification" under § 2613(a), the employer "may require" that the employee, at the employer's expense, obtain the opinion of a second or third health care provider or seek recertifications on a reasonable basis. 29 U.S.C. § 2613(c)–(e).

Here, after Dr. Black certified that Perez should take time off work, Barrick never requested a recertification or obtained a second medical opinion. Perez argues that the district court should have instructed the jury that the only proper way for Barrick to challenge Dr. Black's certification would have been to obtain recertifications or subsequent opinions from additional medical experts.

Whether an employer must present contrary medical evidence to defeat a doctor's certification in an FMLA interference claim is a matter of first impression in this circuit. To resolve it, we begin with the plain language of the statute. *Coronado-Durazo v. I.N.S.*, 123 F.3d 1322, 1324 (9th Cir. 1997). Again, the FMLA states that an employer "may require" additional medical opinions when it "has reason to doubt the validity of the [original] certification." 29 U.S.C. § 2613(c)(1). It further provides that "[t]he employer may require that the eligible employee obtain subsequent recertifications on a reasonable basis." *Id.* § 2613(e); *see also* 29 C.F.R. § 825.308(c)(3) (providing that an employer "may request recertification" of a health care provider's original certification for leave if the employer "receives information that casts doubt upon the employee's stated reason for the absence or the continuing validity of the certification").

The word "may" is permissive.  *See* May, Black's Law Dictionary (11th ed. 2019).  The plain language of the FMLA therefore merely provides an employer with the option to require a second or third opinion and seek recertification.  It does not require an employer to provide contrary medical evidence if it doubts the validity of the original certification, let alone mandate that an employer must do so in order to challenge the sufficiency of that original certification in court.

In support of his contrary reading of the statute, Perez points to *Sims v. Alameda–Contra Costa Transit Dist.*, 2 F. Supp. 2d 1253, 1263 (N.D. Cal. 1998), in which a district court from this circuit concluded that an employer who requires a first certification from a physician is bound by those findings unless it seeks a second opinion.  But all circuit courts to confront the issue have rejected *Sims*'s conclusion.

For example, the Eighth Circuit has held that "[t]he language of § 2613 … is merely permissive," such that "[w]e do not read § 2613(c)(1) as requiring an employer to obtain a second opinion or else waive any future opportunity to contest the validity of the certification." *Stekloff v. St. John's Mercy Health Sys.*, 218 F.3d 858, 860 (8th Cir. 2000).  Similarly, the Fourth Circuit has held that "the plain language of the [FMLA] does not suggest that an employer must pursue these procedures *or* be forever foreclosed from challenging whether an employee suffered from a serious health condition; and nothing in the legislative history of the FMLA explicitly supports that interpretation." *Rhoads v. F.D.I.C.*, 257 F.3d 373, 386 (4th Cir. 2001).  The Second and Sixth Circuits have held the same. *See Pollard v. New York Methodist Hosp.*, 861 F.3d 374, 381–82 (2d Cir. 2017);

*Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 579–80 (6th Cir. 2007).[2]

We are persuaded by the reasoning of our sister circuits and join them in holding that § 2613 does not require an employer to seek recertifications or a second or third medical opinion before contesting the validity of an FMLA certification in subsequent litigation. There was thus no prejudicial error in the district court's jury instructions. And the jury was thus permitted to consider the non-medical evidence that Barrick offered at trial in support of its argument that Perez did not have a serious health condition within the meaning of the FMLA.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment in favor of Barrick.

---

[2] *See also Lonicki v. Sutter Health Cent.*, 180 P.3d 321, 328–29 (Cal. 2008) (rejecting reasoning of *Sims*).