Jorge Apolinar OLIVERA–
GARCIA, Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE, Respondent.

No. 01–70643.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 17, 2003.

Filed May 5, 2003.

Adam Cox, Chicago, IL; Paul A. Engelmayer, New York, NY, for the petitioner.

Margaret K. Taylor, United States Department of Justice, Office of Immigration Litigation, Washington, DC; Robert D. McCallum, Jr., Mark C. Walters, James E. Grimes, United States Department of Justice, Washington, DC, for the respondent.

Before FRIEDMAN,* KOZINSKI, and RAWLINSON, Circuit Judges.

## OPINION

FRIEDMAN, Circuit Judge.

The Immigration and Naturalization Service ("Service") removed a Mexican alien admitted for permanent residence following his criminal conviction. He challenges the Board of Immigration Appeals ("Board")'s affirmance of that action. We hold that we have no jurisdiction to review

that action and therefore dismiss the petition for review.

## I

The petitioner Jorge Apolinar Olivera–Garcia ("Olivera–Garcia") lawfully entered the United States as a permanent resident in 1982. In 1999, as a result of a guilty plea, he was convicted in the Eastern District of California of an offense described in the criminal judgment as follows:

| Title & Section | Nature of Offense |
| --- | --- |
| 21 U.S.C. 841(a)(1) | Accessory after the fact to the Manufacture of Methamphetamine |

The record does not contain a copy of the superseding information to which he pleaded, or of the preceding indictment. He was sentenced to 66 months imprisonment.

The Service then instituted proceedings to remove him from the United States pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and § 1227(a)(2)(B)(i) on the ground that his conviction was for an aggravated felony and an offense related to a controlled substance. After an evidentiary hearing, the immigration judge denied Olivera–Garcia's request for cancellation of removal and ordered him removed. In his oral decision, the immigration judge held that Olivera–Garcia had pleaded guilty to a violation of 21 U.S.C. § 841(a)(1) which constituted an aggravated felony, namely, "illicit trafficking in a controlled substance."

The Board upheld the immigration judge's decision and dismissed the appeal. The Board stated that Olivera–Garcia "was convicted for the offense of accessory after the fact to the manufacture of methamphetamine, in violation of 21 U.S.C. § 841(a)(1)." *In re Olivera–Garcia*, A37 446 730, at *2 (Mar. 28, 2001). It concluded:

---

* The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

We therefore affirm the Immigration Judge's finding that the respondent has been convicted of a drug trafficking crime and is an aggravated felon as defined in section 101(a)(43)(B) of the Act. We agree with the Immigration Judge's conclusion that the respondent is removable under sections 237(a)(2)(A)(iii) and (B)(1) of the Act, for having been convicted of an aggravated felony and of a violation of a law relating to a controlled substance. Having been convicted of an aggravated felony with an accompanying sentence of imprisonment of 66 months, we also agree with the Immigration Judge's determination that the respondent is ineligible for any relief from removal.

*Id.*

## II

A. We must first determine whether we have jurisdiction over this petition under 8 U.S.C. § 1252(a)(2)(C) (2000). That section provides:

Notwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section ... 1227(a)(2)(A)(iii), (B)....

*Id.*

■ Although section 1252(a)(2)(C) of Title 8 deprives us of jurisdiction to review removal orders based on an alien's conviction of the crimes there specified, we are authorized—indeed, required—to determine our own jurisdiction. *Aragon–Ayon v. INS,* 206 F.3d 847, 849 (9th Cir.2000). In this case our jurisdiction depends upon whether the crime upon which the alien's removal is based is one that section 1227(a)(2) covers. *See* 8 U.S.C. § 1252(a)(2)(C) (2000).

Aliens removable under subsection (a)(2)(A)(iii) are those "convicted of an ag-gravated felony" and those removable under subsection (a)(2)(B)(i) are those "convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation ... relating to a controlled substance." *Id.* § 1227.

Section 1101(a)(43)(B) of Title 8 defines "aggravated felony" for purposes of the immigration laws to include "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." *Id.* § 1101(a)(43)(B). Section 802(6) of Title 21 defines "controlled substance" as a "drug or other substance, or immediate precursor," included in schedules attached to the subchapter, which, as noted below, includes methamphetamine. 21 U.S.C. § 802(6) (2000). Section 924(c)(2) of Title 18 defines a "drug trafficking crime" to include "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)." 18 U.S.C. § 924(c)(2) (2000). The provision under which Olivera–Garcia was convicted; 21 U.S.C. § 841(a)(1), was part of section 401 of the Controlled Substances Act of 1970, Pub.L. No. 91–513, 84 Stat. 1242.

■ The order of removal against Olivera–Garcia was based upon his "having committed [the criminal offense] described in 21 U.S.C. § 841(a)(1)," which makes it "unlawful for any person knowingly or intentionally—(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a). Under the foregoing statutory definitions, that crime was both an "aggravated felony" and a violation of a "law ... relating to a controlled substance."

■ B. Olivera–Garcia argues that we have jurisdiction over his petition because he was not actually convicted under 21 U.S.C. § 841(a)(1) (the federal "Con-

trolled Substances" statute) but rather under 18 U.S.C. § 3 (the federal accessory after the fact statute). Section 3 of Title 18 provides that "[w]hoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact." 18 U.S.C. § 3 (2000). He admits that his criminal judgment refers to the former provision but characterizes the reference as a "clerical mistake." The Service purports to confess error on this point, stating that "the BIA incorrectly found that Olivera–Garcia had been convicted of violating 21 U.S.C. § 841(a)(1), rather than 18 U.S.C. § 3." It urges us to remand this case to the Board to determine "whether a conviction for violating 18 U.S.C. § 3 will support a finding of removability as charged." Although we might otherwise grant such a request, the issue here goes to our jurisdiction over the petition. *See* 8 U.S.C. § 1252(a)(2)(C) (2000). Because subject matter jurisdiction may not be waived, *see Sharpe v. FDIC*, 126 F.3d 1147, 1154 n. 4 (9th Cir.1997), we must independently review the Board's decision.

The record refutes the basic premise of the parties' argument. It shows that Olivera–Garcia was convicted under the controlled substances statute, not under the accessory after the fact statute. As noted, the record does not contain a copy of either the indictment or the superseding information. The judgment of Olivera–Garcia's criminal conviction, however, lists as the "Title & Section" under which he was convicted "21 U.S.C. 841(a)(1)," and describes the "Nature of Offense" as "Accessory after the fact to the Manufacture of Methamphetamine." Both the immigration judge and the Board so viewed his conviction. Indeed, in the Notice to Appear, by which the removal proceedings were initiated, the Service itself alleged that Olivera–Garcia had been convicted under 21 U.S.C. § 841(a)(1). In other words, Olivera–Garcia was convicted of violating 21 U.S.C. § 841(a)(1) by being an accessory after the fact to the manufacture of methamphetamine, a controlled substance. *See* 21 U.S.C. §§ 802(6), 812 Sched. II(c) (2000).

■ The parties apparently assume that a person whose only connection to the substantive crime is as an accessory after the fact cannot be prosecuted for the substantive offense but only for the accessory act itself under 18 U.S.C. § 3. We need not decide the point because the judgment in Olivera–Garcia's criminal case shows he was found guilty of the substantive offense and the nature of that offense was not changed because he committed it as an accessory after the fact. It is not the function of the Board to re-examine and redetermine the statutory basis upon which an alien has been convicted in federal court. *See* 8 C.F.R. § 3.1 (2002). The Federal Rules of Criminal Procedure allow district courts to correct clerical errors in their own judgments, *see* Fed.R.Crim.P. 36; *Accardi v. Blackwell*, 412 F.2d 911, 913 (5th Cir.1969), but they do not authorize collateral review of convictions in immigration proceedings before the Board, *see Ortega de Robles v. INS*, 58 F.3d 1355, 1358 (9th Cir.1995). We decline to go behind the criminal judgment and recast the basis upon which the conviction rests.

Olivera–Garcia contends that his crime is not covered by section 1227(a)(2). He argues that under this court's holdings in *Coronado–Durazo v. INS*, 123 F.3d 1322 (9th Cir.1997), and *Leyva–Licea v. INS*, 187 F.3d 1147 (9th Cir.1999), his conviction was under neither a law relating to a controlled substance nor the Controlled Substances Act.

Those cases involved the deportation of aliens who had been convicted in the Ari-

zona courts of solicitation to possess cocaine (*Coronado–Durazo*) and solicitation to possess marijuana for sale (*Leyva–Licea*). In *Coronado–Durazo*, we concluded that "solicitation to possess cocaine" was not "a violation of ... [a] law ... relating to a controlled substance" and thus not a deportable offense. *Coronado–Durazo*, 123 F.3d 1322. We held that the "plain language" of section 1251(a)(2)(B)(i) of Title 8 (now section 1227(a)(2)(B)(i)), which makes deportable an alien convicted of "a violation of (or a conspiracy or attempt to violate)" any law relating to a controlled substance, "limits convictions for generic crimes that may result in deportation to conspiracy and attempt. Simply put, solicitation is not on the list." *Id.* at 1325. We stated that "Arizona courts have explicitly held that solicitation, a preparatory offense, is a separate and distinct offense from the underlying crime because it requires a different mental state and different acts." *Id.* "[S]olicitation is a generic offense under Arizona law." *Id.; see also* Ariz.Rev.Stat. Ann. § 13–1002 (West 1989). We concluded that "solicitation is not a deportable offense under § 241(a)(2)(B)(i)." *Id.* at 1326.

In *Leyva–Licea*, we reaffirmed our ruling in *Coronado–Durazo* that "Arizona's generic solicitation statute is not a law 'relating to a controlled substance' and that violation of that law is not a deportable offense under § 241(a)(2)(B)(i) of the INA, even when the underlying solicited conduct is a narcotics violation." *Leyva–Licea*, 187 F.3d at 1149 (citation omitted). We further held that "solicitation to possess marijuana for sale is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(B)." *Id.* at 1150. We reasoned that "for Leyva–Licea's drug solicitation offense to constitute an aggravated felony, it must ... be punishable under the Controlled Substances Act"; and that "[t]he Controlled Substances Act does not mention solicitation. The Act does cover attempt and

conspiracy 'to commit any offense defined in this subchapter,' 21 U.S.C. § 846, but it does not list solicitation." *Id.* Guided by our approach in *Coronado–Durazo*, we held that, because "the Controlled Substances Act neither mentions solicitation nor contains any broad catch-all provision that could even arguably be read to cover solicitation, ... solicitation to possess marijuana for sale is not an aggravated felony." *Id.*

There is a critical difference between those two cases and the present case that makes them inapplicable to the situation before us. In both of those cases the crime of which the alien was convicted was not the substantive drug offense, but what we called the "generic offense" under Arizona law of soliciting to commit a drug offense. In that situation we concluded that § 1251(a)(2) did not cover the solicitation offense because the statutory language "a violation of (or a conspiracy or attempt to violate)" does not include a solicitation to violate. *Coronado–Durazo*, 123 F.3d at 1325.

In the present case, however, Olivera–Garcia was convicted of violating the substantive drug statute, 21 U.S.C. § 841(a)(1), that prohibits the manufacture of a controlled substance. He was not convicted of violating the accessory after the fact statute, 18 U.S.C. § 3. The rationale underlying the decisions in those two cases simply does not cover the present case.

We accept the criminal judgment as it is written. Under that judgment, Olivera–Garcia committed a deportable offense.

■ C. Our conclusion that we have no jurisdiction to review the Board's removal order also means we lack jurisdiction to consider the Service's request that we remand the case to the Board to determine "whether a conviction for violating 18 U.S.C. § 3 will support a finding of remov-

ability as charged." The Supreme Court's recent decision in *INS v. Ventura,* ——— U.S. ———, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), upon which the government relies, did not involve a situation like the present case, where the appellate court lacked jurisdiction. There the Supreme Court held that this court had erred by deciding that an alien had made the particular showing necessary for a grant of asylum, instead of remanding to the Board to make that determination. There this court had reversed the Board instead of remanding to it; here the result of our dismissal for lack of jurisdiction is that the Board's deportation order stands. *Ventura* provides no basis for remanding to the Board.

PETITION DISMISSED.