**German Antonio MENJIVAR–PALMA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75300.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

German Antonio Menjivar–Palma, Eloy, AZ, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Gjon Juncaj, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

German Antonio Menjivar–Palma, a native and citizen of El Salvador, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. *Parrilla v. Gonzales,* 414 F.3d 1038, 1040 (9th Cir.2005). Reviewing de novo, *Altamirano v. Gonzales,* 427 F.3d 586, 591 (9th Cir.2005), we deny the petition for review.

Menjivar–Palma contends that the government did not meet its burden of demonstrating that he is removable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) for being convicted of an offense "relating to a controlled substance." We agree with the BIA that our decision in *United States v. Rivera–Sanchez,* 247 F.3d 905 (9th Cir.2001) (en banc), is not dispositive because that decision concerned whether an offense constituted an aggravated felony. *Id.* at 909.

We conclude that the government carried its burden of proving that Menjivar–Palma pled guilty to violating California Health and Safety Code § 11352(a), a statutory provision that punishes only substan-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tive drug offenses, not generic offenses. *See Olivera–Garcia v. INS,* 328 F.3d 1083, 1087 (9th Cir.2003) (distinguishing the generic offense statutes at issue in *Coronado–Durazo v. INS,* 123 F.3d 1322 (9th Cir.1997), and *Leyva–Licea v. INS,* 187 F.3d 1147 (9th Cir.1999)). Menjivar–Palma, who admitted that his conviction concerned cocaine, is therefore removable for being convicted of an offense "relating to a controlled substance."

**PETITION FOR REVIEW DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.