**Ana Lourdes MACHADO–CEDILLOS, aka Ana Lourdes Ruiz, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 04–74587, 05–70086.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 18, 2007.

Filed June 22, 2007.

---

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Teresa Salazar, Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle G. Latour, P. Michael Truman, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL and O'SCANNLAIN, Circuit Judges, and GONZALEZ *, Chief District Judge.

MEMORANDUM **

In these consolidated petitions, Ana Lourdes Machado–Cedillos, a native and citizen of El Salvador, seeks review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's denial of her application for asylum in No. 04–74587 and the BIA's order denying her motion for reconsideration in No. 05–70086. Jurisdiction exists over Machado–Cedillos' petitions pursuant to 8 U.S.C. § 1252. Because the facts and protracted procedural posture of this case are known to the parties, we repeat them here only to

* The Honorable Irma E. Gonzalez, United States Chief District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the extent necessary to explain our decision. We grant in part and deny in part the petition for review in No. 04–74587 and deny the petition for review in No. 05–70086.[1]

We review de novo questions of law, *Singh v. INS,* 94 F.3d 1353, 1358 (9th Cir.1996), but give deference to the BIA's interpretation of applicable regulations, *Garcia–Quintero v. Gonzales,* 455 F.3d 1006, 1011 (9th Cir.2006). Machado–Cedillos' argument that the BIA exceeded the proper scope of its appellate review as defined in 8 C.F.R. § 1003.1 (2005) is unpersuasive because the current version of the regulation did not exist at the time the BIA decided her first appeal. *See* 8 C.F.R. § 1003.3(f). At the time of Machado–Cedillos' appeal in 2000, the BIA had wide latitude to engage in fact-finding and to consider additional evidence as appropriate. *See Ramirez–Alejandre v. Ashcroft,* 320 F.3d 858, 863–66 (9th Cir.2003) (discussing the broad discretion the BIA previously exercised in deciding immigration appeals).

■ However, we are persuaded the BIA erred in remanding the case for a redetermination of Machado–Cedillos' asylum eligibility in light of contemporaneous country conditions after the BIA determined Machado–Cedillos had established a well-founded fear of persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1185 n.

7 (9th Cir.2003) (stating that because the court concluded that the petitioner had established a well-founded fear of persecution, on remand the BIA should not consider how changed country conditions may impact the petitioner's asylum eligibility); *see also Baballah v. Ashcroft,* 367 F.3d 1067, 1078 n. 11 (9th Cir.2004); *Avetova–Elisseva v. INS,* 213 F.3d 1192, 1198 n. 9 (9th Cir.2000). The decision to grant or deny asylum is a two-step process where the applicant must first establish statutory eligibility for asylum, which then places the onus upon the Attorney General to exercise his discretion. *Kalubi v. Ashcroft,* 364 F.3d 1134, 1137 (9th Cir.2004). Once the BIA concluded Machado–Cedillos met her burden by demonstrating a well-founded fear of persecution on account of a statutorily protected ground, the BIA should have proceeded to the second step of the asylum analysis. Therefore, we remand to the BIA solely for a determination of whether a grant of asylum is appropriate in this instance. We recognize that in exercising his discretion, the Attorney General may properly consider how improved country conditions affects the likelihood of future persecution if Machado–Cedillos returns to El Salvador. *Kazlauskas v. INS,* 46 F.3d 902, 905–06 (9th Cir. 1995); *see also Hoxha,* 319 F.3d at 1185 n. 7.

■ We conclude the denial of Machado–Cedillos' motion for continuance was

1. At oral argument, respondent raised for the first time the issue of whether Machado–Cedillos may have failed to exhaust her administrative remedies. While issues that are not raised in the parties' briefs are generally considered waived, Fed. R.App. P. 28(b); *Kuba v. 1–A Agr. Ass'n,* 387 F.3d 850, 855 n. 5 (9th Cir.2004), arguments regarding exhaustion are jurisdictional and cannot be waived. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004); *cf. Olivera–Garcia v. INS,* 328 F.3d 1083, 1086 (9th Cir.2003) (noting that "subject matter jurisdiction may not be waived"). The specifics of respondent's argu-

ments are unclear because of respondent's failure to appropriately brief the issue. Nevertheless, upon review of the administrative record, we are persuaded that Machado–Cedillos adequately raised her arguments to the BIA thereby exhausting her administrative remedies and granting this court jurisdiction to consider the argument raised in her petitions. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1183–84, 1186 (9th Cir.2001) (en banc) (finding jurisdiction where petitioner presented argument to BIA, which considered the merits of the issue).

not an abuse of discretion. *See Gonzalez v. INS,* 82 F.3d 903, 908 (9th Cir.1996) (stating that a decision denying a request for continuance will be reversed only upon a showing of a clear abuse of discretion). The BIA is currently under a regulatory directive to decide pending appeals within specified time limits. 8 C.F.R. § 1003.1(e)(8)(i) ("[T]he [BIA] shall dispose of all appeals assigned to a single [BIA] member within 90 days of completion of the record on appeal...."). Machado–Cedillos' reliance on regulatory subsection 8 C.F.R. § 1003.1(e)(8)(iii), which allows for discretionary suspension of the adjudicatory deadlines, is unpersuasive because it is unclear the regulation is intended to grant aliens a substantive right or procedural right to a continuance. 8 C.F.R. § 1003.1(e)(8)(vi). Even assuming Machado–Cedillos could rely on the regulation, her situation fails to meet the threshold requirements outlined in the language of the regulation. In sum, denial of Machado–Cedillos' request for the suspension of her proceedings for an indefinite period of time was not arbitrary, capricious, or contrary to law.

The petition for review of the BIA order denying Machado–Cedillos' motion for reconsideration is denied as moot.

PETITION FOR REVIEW in No. 04–74587 IS GRANTED IN PART and DENIED IN PART.

PETITION FOR REVIEW in No. 05–70086 IS DENIED.