**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-1918**

_____

STANISLANS MADUAKO UGWU,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.  (A46-346-487)

_____

Submitted:  May 30, 2007                    Decided:  June 26, 2007

_____

Before WILLIAMS and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Petition dismissed in part; denied in part by unpublished per curiam opinion.

_____

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner.  Peter D. Keisler, Assistant Attorney General, Michelle E. Latour, Assistant Director, Michele Y. F. Sarko, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stanislans Maduako Ugwu, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals (Board) affirming, without opinion, the immigration judge's decision ordering him removed from the United States. For the reasons discussed below, we dismiss the petition for review in part and deny the petition for review in part.

Based on his own admissions before the immigration judge, Ugwu was found removable as an inadmissible alien who had been convicted of a crime involving moral turpitude. See 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2000). Because we find that Ugwu is indeed an alien who has been convicted of a crime involving moral turpitude, 8 U.S.C.A. § 1252(a)(2)(C) (West 2005) divests us of jurisdiction, except as provided in § 1252(a)(2)(D), to review Ugwu's final order of removal. We therefore dismiss the petition for review in part.

Pursuant to § 1252(a)(2)(D), we retain jurisdiction over "constitutional claims or questions of law." In his petition for review, Ugwu claims that his guilty plea to the underlying criminal charges in the Circuit Court of Arlington County, Virginia, was not knowing or voluntary as he did not fully understand the immigration consequences of his actions. We find this claim to be without merit. In order to pursue this claim, Ugwu's remedy is to file for post-conviction relief in his state criminal case. Moreover, the

immigration judge and the Board cannot go behind the criminal judgment and consider an alien's collateral attack on his conviction.  See, e.g., Abiodun v. Gonzales, 461 F.3d 1210, 1217 (10th Cir. 2006); Olivera-Garcia v. INS, 328 F.3d 1083, 1087 (9th Cir. 2003); Trench v. INS, 783 F.2d 181, 184 (10th Cir. 1986); Zinnanti v. INS, 651 F.2d 420, 421 (5th Cir. 1981).  We therefore deny this portion of Ugwu's petition for review.[*]

Accordingly, although we grant Ugwu's pending motion to proceed in forma pauperis, we dismiss the petition for review in part and deny it in part.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART;
DENIED IN PART

[*]To the extent that Ugwu's argument that he was not an arriving alien and thus should not have been charged as an alien seeking admission to the United States can be considered an appropriate legal or constitutional claim, we find that we have no jurisdiction to consider this claim as Ugwu failed to present it to the immigration judge or Board.  See 8 U.S.C. § 1252(d)(1) (2000); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004).

- 3 -