**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-2590**

JOHANNA FOLAKE FAPOHUNDA,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  July 28, 2016         Decided:  August 3, 2016

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

April Cockerham, PRICE BENOWITZ LLP, Washington, D.C., for Petitioner.   Benjamin C. Mizer, Principal Deputy Assistant Attorney General, M. Jocelyn Lopez Wright, Senior Litigation Counsel, Margot L. Carter, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johanna Folake Fapohunda, a native of the Netherlands and a citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's decision finding her removable under 8 U.S.C. § 1227(a)(3)(D)(i) (2012) (providing that an alien "who falsely represents, or has falsely represented, himself to be a citizen of the United States for any purpose or benefit under this chapter . . . or any Federal or State law is deportable").

The Government bears the burden of establishing by clear and convincing evidence that Fapohunda is removable. See 8 U.S.C. § 1229a(c)(3)(A) (2012). Based on our review of the record, we agree that the Government met its burden of proof. Fapohunda pleaded guilty and was convicted of falsely and willfully representing herself to be a citizen of the United States, in violation of 18 U.S.C. § 911 (2012), and admitted in the Statement of the Offense that she did so in order to deceive the government of the District of Columbia into believing that she could lawfully work for them. She further admitted that her false representations "were not the product of any accident, negligence or mistake." (E.R. 315). Despite Fapohunda's arguments to the contrary, the agency cannot go behind the criminal judgment and consider an alien's collateral attack on her conviction. Veloz-Luvevano v. Lynch, 799 F.3d 1308, 1314 (10th Cir. 2015); Abiodun v. Gonzales,

2

461 F.3d 1210, 1217 (10th Cir. 2006); Olivera-Garcia v. INS, 328 F.3d 1083, 1086 (9th Cir. 2003); Zinnanti v. INS, 651 F.2d 420, 421 (5th Cir. 1981).

We therefore deny the petition for review for the reasons stated by the Board. In re Fapohunda (B.I.A. Dec. 2, 2015). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED