NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADOLFO DELGADO-REYES, | No. 23-291 |
| Petitioner, | Agency No. A035-792-868 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2025**
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and KANE, District Judge.***

Petitioner Adolfo Delgado-Reyes, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals ("BIA")'s dismissal of his appeal

of an Immigration Judge ("IJ")'s denial of his application for protection under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Yvette Kane, United States District Judge for the
Middle District of Pennsylvania, sitting by designation.

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we review the "denial of . . . CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (citations omitted). We deny the petition for review.

1. Delgado-Reyes argues that the BIA erred in affirming the IJ's determination that the government met its burden to show that he was removable under 8 U.S.C. § 1227(a)(2)(B)(i). In relevant part, the statute provides that "[a]ny alien who at any time after admission has been convicted of a violation of . . . any law or regulation of a State . . . relating to a controlled substance" as defined in the Controlled Substances Act ("CSA") "is deportable." *Id.* § 1227(a)(2)(B)(i); *see Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1077–78 (9th Cir. 2007) ("[I]n order to prove removability, the government must show that [a petitioner's] criminal conviction was for possession of a substance that is not only listed under California law, but also contained in the federal schedules of the CSA."), *abrogated on other grounds by Kwong v. Holder*, 671 F.3d 872 (9th Cir. 2011). In 1991, Delgado-Reyes was convicted of selling phencyclidine ("PCP") in violation of California Health and Safety Code § 11379.5 (1991). We conclude that the government has met its burden to show removability.

First, Delgado-Reyes argues that he was convicted of violating "a statute that punishes the act of solicitation," and that violations of such statutes are not

"drug related offense[s]." As support, he cites *Coronado-Durazo v. INS*, 123 F.3d 1322 (9th Cir. 1997).[1] In *Coronado-Durazo*, 123 F.3d at 1323, we held that a "conviction for solicitation to possess . . . is not a deportable offense" under 8 U.S.C. § 1227(a)(2)(B)(i). But the underlying conviction in *Coronado-Durazo* was based on a violation of Arizona's general solicitation statute. *Id.* There is a "critical difference" between the violation of "the 'generic offense' under [state] law of soliciting to commit a drug offense" and the violation of a "substantive drug statute." *Olivera-Garcia v. INS*, 328 F.3d 1083, 1087 (9th Cir. 2003). When the statute of conviction is a substantive drug statute, "removability under 8 U.S.C. § 1227(a)(2)(B)(i) does not turn on whether the law includes solicitation offenses." *Mielewczyk v. Holder*, 575 F.3d 992, 998 (9th Cir. 2009).

If a petitioner has violated a "substantive drug statute" as defined in 8 U.S.C. § 1227(a)(2)(B)(i), they have "committed a deportable offense." *Olivera-Garcia*, 328 F.3d at 1087. And here, § 11379.5 is a substantive drug statute enacted by the California legislature as part of a prolonged "attack on PCP abuse." *People v. Alexander*, 224 Cal. Rptr. 290, 292–93 (Cal. Ct. App. 1986) (explaining that the

---

[1] Delgado-Reyes also cites *Leyva-Licea v. INS*, 187 F.3d 1147, 1149 (9th Cir. 1999). As relevant here, *Leyva-Licea* reached an identical holding. *See id.* at 1149 ("*Coronado-Durazo* controls our treatment of the issue here, and compels our conclusion that Leyva-Licea's Arizona conviction for solicitation to possess marijuana for sale is not a deportable offense under [8 U.S.C. § 1227(a)(2)(B)(i)].").

California legislature "deleted PCP from the general statutes proscribing . . . sale" of drugs and added § 11379.5 to "specifically proscribe[] . . . sale of PCP").

Second, Delgado-Reyes argues that he is entitled to relief under the Federal First Offender Act because § 11379.5(a) also prohibits transportation, which was previously defined to include possession of a controlled substance for personal use. The government correctly points out that Delgado-Reyes failed to exhaust this argument before the BIA, so we cannot consider it. *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (citing *Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023)) (explaining that exhaustion is a non-jurisdictional claim-processing rule that a court must enforce if raised).

Third, Delgado-Reyes argues that his conviction is not a predicate offense for removal under 8 U.S.C. § 1227(a)(2)(B)(i) because § 11379.5 is overbroad and indivisible. Delgado-Reyes cites no cases and conducts no legal analysis to develop this argument;[2] therefore, he has waived it. *See Badgley v. United States*, 957 F.3d 969, 979 (9th Cir. 2020) ("Arguments made in passing and not supported

---

[2] This failure to develop the argument is particularly apparent given our complex body of case law applying the Supreme Court's three-part analytical framework from *Taylor v. United States*, 495 U.S. 575 (1990), in similar situations. *See, e.g.*, *United States v. Martinez-Lopez*, 864 F.3d 1034, 1038 (9th Cir. 2017) (explaining that "many California drug statutes" are not "categorical match[es]" with "federal drug trafficking offense[s]").

by citations to the record or to case authority are generally deemed waived." (quoting *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010))).

2. Delgado-Reyes also argues that the removal proceedings against him must be terminated because the Notice to Appear ("NTA") he received was missing essential information, such as the date and time of his hearing, and thus failed to comport with the claim-processing rule outlined in 8 U.S.C. § 1229(a)(1). *See Matter of Fernandes*, 28 I. & N. Dec. 605, 608 (B.I.A. 2022). But to the BIA, Delgado-Reyes argued only that his defective NTA deprived the IJ of jurisdiction because it "fail[ed] to provide an address." In *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), we held that a "counseled BIA brief" that raised NTA defects but "sounded exclusively in jurisdiction . . . failed to exhaust the alleged claim-processing violation." Because we are bound by *Umana-Escobar*, we deny this portion of his petition for failure to exhaust.

3. Lastly, we do not reach Delgado-Reyes's argument that the agency erred in making an adverse credibility finding against him. Delgado-Reyes does not dispute the BIA's determination that he "failed to meaningfully challenge the [IJ's] denial of deferral of removal under CAT," and the IJ alternatively concluded that, even if he were credible, he failed to meet his burden to show a likelihood of torture. We need not decide issues unnecessary to the results we reach. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

**PETITION DENIED.**[3]

---

[3] Delgado-Reyes's motion for a stay of removal is denied.  The temporary stay of removal remains in place until the mandate issues.